The firm of Corn Silverman filed the insolvency bill November 6th, 1929; on the 22d of the month receivers were appointed, and until they were confirmed, December 10th, the firm rendered service as solicitors of the complainant. Upon confirmation another solicitor was appointed counsel to the receivers. The services were rendered in a class suit, beneficial to the members of the class, and compensable out of the common fund. One of the receivers paid Silverman $1,500, ten per cent. of intermediate allowances to him of $15,000, under an earlier promise to take care of him, apparently because the firm lost the post as counsel to the receivers. Later the firm dissolved and in the distribution of suits this one passed to Corn who now asks for an allowance for services rendered by the firm during the period just mentioned. It is objected that one of the receivers split his fee with the firm and that as a matter of policy and of discipline, fees in the cause should be withheld, to which Corn responds that he was not a party to the deal and should not suffer. The dependable testimony does not implicate Corn, and while we have confidence in his protest of innocence, he stands but in right of the firm's claim with all the attending improprieties. Receiver's fees are compensation for services rendered. Sharing them with another raises the implication that they were not earned; that the split is the "rake-off" of an excessive allowance. If the sinister imputation be not deserved, a forehand arrangement to divide compensation lessens the spirit of service, invites indifference and ulterior influences — stepping stones to disloyalty and perchance worse consequences. Venality distinguishes the motives, the perniciousness is a thing of degree only; the estate suffers. "Splitting" fees must not be confused with a receiver dividing with counsel, compensating him for services rendered in earning the fee. Often, almost always, counsel discharges receivers' duties for which allowances are made only to the receiver. In such circumstances a division is but just. In Conover v. West Jersey Mortgage Co., 96 N.J. Eq. 441,
the lawyer-receiver's services were almost exclusively of a legal nature for which he asked compensation. He had counsel *Page 8 
who helped him. A lump sum was given to both, Chancellor Walker observing "that they will divide it between themselves is not material to the court or to the creditors." It was ordered paid to both as a single allowance for a joint service.
In the instant case, Silverman, for his firm, got from the receiver's allowance a share he did not earn (the firm rendered no services to the receiver) intending, undoubtedly, later to apply to the court for compensation for the firm's services in the cause. What the arrangement between them was is left to surmise. That it was not wholesome, is a conviction. The firm's hands (Silverman's) are not clean and equity will not lend its ear to the motion for an allowance.
Motion dismissed.