GUGLE, Plaintiff-Appellant v. WACHNER, Defendant-Appellee.

GUGLE, Plaintiff-Appellant v. LOESER, Defendant-Appellee.

Ohio Appeals, Eighth District, Cuyahoga County.

Nos. 19020 & 19021. Decided June 29, 1943.

174

McKeehan, Merrick, Arter & Stewart, Cleveland; Clinton M. Horn, Cleveland; Ballard & Dresbach, Columbus, for plaintiff-appellant.

Jones, Day, Cockley & Reavis, Cleveland, for defendant-appellee Wachner.

Mooney, Hahn, Loeser, Keough & Freedheim, Cleveland, for appellee Loeser.

GUERNSEY, P. J., JACKSON, J. (3rd. District), and SHERICK, J. (5th District), sitting by designation.

## OPINION

By SHERICK, J.

These actions are jointly presented and considered although they are not consolidated. They are separate appeals on questions of law from orders sustaining demurrers to the second amended petitions filed in each case, upon which final judgments were entered inasmuch as plaintiff did not desire to further plead.

Without further ado we shall first epitomize the material averments of the pleadings in the Wachner case. Inasmuch as the condemned petitions are of like·tenor in their general averments, we shall next note those allegations of the Loeser pleading which have particular application to the cause of action therein sought to be stated.

Plaintiff says that he is a stockholder in Continental Shares, Inc., and an attorney at law. That he commenced and concluded a long and tedious investigation of its financial condition, the legality of certain of its acts and transactions and the rights and liabilities of its officers, stockholders and creditors. That he commenced actions against it in Maryland, and in Cuyahoga county by way of cross-petition in the case of Wachner against it, which resulted in the appointment of a receiver in Maryland and an ancillary receiver. It is stated that Continental's affairs were voluminous and complex and involved large sums; and that a settlement and administration

of its affairs required much evidence and the service of legal counsel thoroughly conversant therewith.

That on or about June 23, 1933, which was the day after Wachner's appointment as receiver, Wachner personally and in his individual capacity requested the plaintiff to give him the benefit of plaintiff's experience and counsel, perform legal services for him personally, continue to assist in procuring evidence, analyzing audits and documents, advise him in the performance of his duties in said estate, and to render such service as he might thereafter request; all of which plaintiff orally agreed to do and which was confirmed by plaintiff's subsequent conduct. That the benefits of his advice and knowledge were subject to use by Wachner. That the plaintiff agreed to continue to give Wachner his aid and assistance. That this oral agreement was evidenced by letters and plaintiff's partial performance. That in consideration of these special services Wachner promised to pay him, when defendant received it, a sum equal to one-half of the total sum that he, Wachner, should receive from said estate.

Plaintiff states that he immediately entered into performance of said agreement and rendered valuable services to Wachner and at all times stood ready to render any required service and to do every act required of him. He next pleads that Wachner received from said estate $262,500.00 in eight installments during the period of 1933 to 1940; and that Wachner paid the plaintiff personally on said agreement $2,500.00 by check, and that the balance due him amounts to $128,750.00 which Wachner refuses to pay, and for which he prays judgment with interest.

In the Loeser case it is averred that the defendant was attorney for Wachner in the Cuyahoga county action; that upon Wachner's appointment as receiver, Loeser was appointed by the court as his counsel, and without the plaintiff's knowledge, secured the appointment of plaintiff as co-counsel for the receiver.

A like oral agreement, to perform legal services for Loeser, and his promise to pay plaintiff a sum equal to one-half of the total sum that Loeser should eventually receive as attorney fees being averred, the pleading proceeds to recite that plaintiff was told by defendant of this appointment a day or so later, that plaintiff accepted said appointment, subject to and dependent upon their agreement, but plaintiff was never permitted by the defendant to act as co-counsel, defendant having usurped individual control thereof; that plaintiff immediately thereafter, entered into performance of said agreement, rendered valuable services to said Loeser personally that was utilized personally and for the benefit of said estate, that plaintiff held himself in readiness to render such service as might be asked of him and rendered such service as he was permitted to perform, and did every act required of him; that in November of 1933, Loeser, in pursuance of their agreement paid and remitted to plaintiff, by check of Wacher, receiver, the one-half of the first partial payment of legal fees which he, Loeser, received as attorney for the receiver.

It is averred that since that date Loeser has refused to pay plaintiff anything; that Loeser has received a total sum of $135,000 paid in eight installments; for legal services and that there now remains due plaintiff on their agreement the sum of $60,000.00 with interest.

It was the trial court's judgment that the contracts sought to be enforced were adverse to the State's public policy and are unenforcible. With this as the primary query, and that of want of consideration, lack of mutuality, and contingency of remuneration for services, as secondary matters, we shall proceed to analyze these pleadings in a light most favorable to the pleader.

Although it is averred that these contracts are made with the defendants in their individual rather than their representative capacities, and call for a sum equal to one-half of the compensations to be allowed them for services to be thereafter performed, we are of the view that this adroit phrasing can be interpreted in no other way than that of alleged agreements to split the fees ultimately allowed to a receiver and his counsel for services thereafter to be rendered their estate. It is irrefutable that the defendants in their individual capacity never could receive anything. What they do receive grows out of their representative activity. What plaintiff promises are services which benefit the estate. Hence, the entire subject matter of contract grows out of and is engrafted upon the receivership administration:

With this premise the simplified question comes: May a receiver without the knowledge and approval of the court which appointed him, covenant (it will be noted that such is not averred) with an attorney to divide receivership fees thereafter to be earned, and allowed for legal services and administrative aid furnished him, the receiver, for use in the administration of the estate?

A properly reasoned answer is only obtainable by a further breaking down of the question.

Inasmuch as the petition does not state that Wachner is an attorney, this court must consider him to be a layman, although as a fact we know the contrary to be true. As such he was appointed receiver by the court as its administrative arm to administer Continental's affairs and property within the court's jurisdiction. The estate was in custodia legis. The receiver's duty was to administer it upon and in accordance with the court's order. Without doubt the court appointed him because of his fitness and capability in such matters, that is to perform the usual duties incumbent upon receivers. Such duties are usually not delegable without the appointing court's direction. The petition does not allege any such authorization. It simply states that Wachner agreed to compensate plaintiff in part out of fees to be allowed for aid in performance of administrative duties. That is to do what Wachner was appointed to do. If plaintiff was disposed to render such service, he, as an attorney, knew or must have known

that Wachner was attempting to contract concerning a subject over which he had but limited control. He had occasion and ample opportunity to protect himself from loss by bringing the matter to the court's attention and its approval secured. He cannot be excused from his failure to do so.

Why does the law frown upon such an undisclosed contract?

The answer is that receiverships ought not and are not created by a court for the benefit of its representatives but to forward and protect the interests of stockholders in this instance, and creditors and all others concerned. If receiver fees are to be surreptitiously split, that are paid for upon a basis of actual services and are thereafter to be rendered, an incentive is created in a receiver to pad his service account in order that the fees allowed will minimize his loss occasioned by the split. Thereby the court's confidence is violated and interested parties forced to bear the excessive burden. It is no answer to say in any particular case that this was not true therein. It is enough that opportunity was afforded. To open the door at all is to countenance entry of the vice which the law says shall not enter. The contracting parties are found in equal fault. The law will aid neither.

Viewing the agreement from its second angle, that is, that the parties contracted to render and pay for legal services out of fees allowed the receiver, it becomes crystal clear that plaintiff agreed to furnish that which he was in practice and in law bound to furnish the estate. Perhaps this court has no right in considering this contract to have in mind the averment of the Loeser petition, wherein plaintiff states that he was appointed co-counsel for the receiver and conditionally accepted it. This court, however, cannot blindly close its eyes to that which is blandly admitted under oath. Since plaintiff had accepted employment as co-counsel he was duty bound to furnish legal aid to the receiver, not as his understudy but as his attorney. As attorney he was entitled to compensation for legal services actually performed. The receiver was bound to pay plaintiff such legal fees as the court might order. If the contract bound the receiver to pay individually as well, then the plaintiff is permitted to twice recover for legal services.

Whether or not this court has the right to consider the Loeser petition in passing upon the sufficiency of the Wachner pleading is perhaps of little consequence, inasmuch as we hold that the taint of impropriety which has attached to compensating plaintiff for administrative service contaminates the contract feature for legal service. They are not separately stated and are hardly divisible. There remains another unassailable reason why the plaintiff may not recover for legal services actually rendered the receiver as such. This is not the course pursuable to secure payment for such services.

Coming now to consider the Loeser pleading, we encounter a more perplexing question. It is observed, as said in Twin City Pipe Line Company v. Harding Glass Co., 283 U. S., 353, that the term

"against public policy" is vague and variable, and not susceptible of a fixed rule, and that it should be applied with caution. The right of parties to contract is a valuable one. It may not arbitrarily be impaired and should not be abridged unless it is clearly manifest that such an agreement is repugnant to public ethics. It is further perceived that the present contract does not fall within that class of cases where one procures the appointment of a receiver or a public officer, who agrees to divide his future compensation with the other who performs no other service save procurement of the position. An example of this class is found in Meguire v. Corwine, 101 U. S., 108, 25 L. Ed. 899.

Appellees jointly urge that both pleadings are infected with the same virus, and that both contracts are unenforcible for the same reason.

The fact is overlooked that the plaintiff pleads, that he was appointed co-counsel for the receiver by the court and that he accepted the appointment. If this be true and it must be so considered on demurrer, then the court did have knowledge thereof; and it must follow that if the plaintiff thereafter performed legal services for the receiver, that the court knew plaintiff would be entitled to fees. This pleading differs from the Wachner petition in that respect.

Appellees offer the further argument that both contracts are void for the reason that they were entered into in advance of the service performed. If this be sound, then it ought to follow that all contingent contracts between an attorney and client for future services are likewise objectionable. Keeping in mind that receiver's counsel do not labor for something or nothing but are compensated for work thereafter to be done, it is apparent that such contracts are not really contingent but rest upon a quantum meruit basis.

The further point is made that the court was not advised of the terms of the agreement between Gugle and Loeser to divide the fees equally, and that this undisclosed fact has sullied the contract. We question the point's conclusion inasmuch as the plaintiff pleads that the half of the first installment of counsel fees allowed by the court was paid to him by receiver's check. When the court approved this item and made the allowance and thereafter approved this item and made the allowance and thereafter approved the receiver's disbursements it was apparent to the court that co-counsel were equally dividing fees.

As we see it, appointing courts are primarily concerned with certain matters respecting counsel. It must determine if the receiver needs legal aid. and if so what proper counsel be employed: and that if services are rendered that he or they who perform that service are justly compensated for the services actually performed. The court is not particularly interested in just how that fee is distributed between counsel so long as the work has been done: but a court is vitally concerned if a portion thereof is to go directly to

one who has rendered no service. It is this vice and its attendant opportunity to get something for nothing which public policy forbids.

Let us assume a hypothetical case which we think nearly fits the present inquiry. One is a counselor, the other an advocate. They agree to divide the work according to their respective capabilities. The labor of one exceeds the other, so they agree to proportion the fees to be thereafter earned and allowed in accordance therewith. Is the court interested in this agreement? The answer is, no, if the work has been performed. Let us go a bit further and assume that one or both of co-counsel is a member of a large legal partnership that pools and divides its earnings. Is a court to be held such a dullard that it does not understand that counsel's fees will ultimately find its way into the firm exchequer? Courts know this to be true, and are not concerned over the fact that counsel's partners will receive a portion of the fee paid the firm member for services rendered the receivership. What one may do with fees lawfully earned is an entirely different matter from a splitting of fees by a receiver's counsel with one who has contributed little or nothing toward the estate's interests. Measuring the pleaded Loeser contract in accordance with the views herein expressed, we are unable to perceive wherein it controvenes public policy. Plaintiff pleads appointment as co-counsel by the court and his acceptance. It had knowledge that Loeser and he were to perform the receivership's legal services. Plaintiff says that he rendered valuable services and that he at all times stood ready and willing to perform his portion of their agreement. He pleads partial payment or division of the fees first allowed which we paid to him by receiver's check. He pleads that Loeser usurped individual control and excluded him from further participation in the work jointly covenanted to be performed. All this the demurrer admits to be true, and if no valid defense exists, then Loeser has done him a wrong. No statute of the State governs the matter in issue. The agreement is and was not against public policy. The law will afford him a remedy.

Was plaintiff duty bound to apply to the court through the receiver for redress of his wrong? We think not. In view of the receiver's disavowal of his agreement with the plaintiff, he would no doubt have received scant aid and comfort in that quarter. It is practically the universal rule that the court will approve of but a single allowance for legal services. How that shall be divided among co-counsel is ordinarily of little concern to the court. We hold that the plaintiff had a choice of remedy and not a Hobson's choice as appellee would have it. It was that court's duty to allow a reasonable fee for work actually done and not to determine the validity of the Gugle-Loeser agreement. If the court had been advised of counsel's disagreement, it would no doubt have ended counsel's services, because the best interests of the receivership estate would have demanded it, and their employment ceased. We think that if

a duty existed to inform the court of their controversy, that both equally bore that burden.

We consider it aptly put in Ireland v. Craggs, 56 Fed. (2d), 785 (787) that:

"Where one tardily ascertaining, after he has had the fruits of a contract, that his agreement was illegal, invokes the public interest * * * to enable him to keep the fruits of his contract without standing to his bargain, courts are slow to follow such interested leading."

We have purposely refrained from citation of numerous authorities, chiefly because of lack of parallel facts. We believe the following cases point out the principles herein followed:

See: Cozzens & Co. v. Earl Radio Corp., 112 N. J. Eq., 6, 163 Atl., 151; Conover v. West Jersey Mortgage Co., 96 N. J. Eq., 441, 126 Atl., 855; R. H. McWilliams Jr. Co. v. Missouri-Kansas Pipe Line Co., 21 Del. Ch., 308, 190 Atl., 596; Weil v. Neary, 278 U. S., 160; Anderson v. Grimes, 183 Minn., 472, 237 N. W., 9.

Inasmuch as this dual opinion reflects the judgment of the court in the Wachner case (No. 19020) in which Guernsey, P. J. and Jackson, J., concur, it follows that a judgment of affirmance therein is ordered. Exceptions may be noted.

In view of the fact that this opinion does not reflect the judgment of the majority of the court in the Loeser case (No. 19021) it follows, and it may be understood, that that portion thereof which concerns the Loeser case is but the expresion of a dissenting opinion by the scrivener thereof.

GUERNSEY, P. J. and JACKSON, J., as noted in the foregoing opinion, concur in Judge Sherick's opinion in the Wachner case, (No. 19020) but do not concur in the opinion of Judge Sherick in the Loeser case (No. 19021).

The opinion of Guernsey, P. J., in the Loeser case (19021) which is concurred in by Jackson, J., reflecting the judgment of the court in said case, follows:

By GUERNSEY, P. J.

Under the allegations of the petition in the Loeser case (No. 19021) the services which the plaintiff agreed to perform for Loeser are all of such character as are ordinarily performed by an attorney in his capacity as counsel for a receiver.

While the plaintiff alleges that he "accepted said appointment (appointment by the court as co-counsel for the receiver) subject to and dependent upon his said agreement with the defendant." such allegation constitutes merely a conclusion of law, the correctness of which is not admitted by the demurrer.

The conclusion of law is incorrect, being unwarranted by the facts pleaded, in that it appears from the allegations of the petition

that the terms of the alleged agreement as to the plaintiff's employment by Loeser are such as to be wholly inconsistent with the plaintiff's acceptance of the appointment by the court as co-counsel with Loeser for the receiver. Plaintiff's acceptance of said appointment necessarily involved the rendition by him to the receiver of services identical with the services his agreement required him to render to Loeser, his co-counsel for the receiver, and if his acceptance of said appointment was "subject to and dependent upon his said agreement with defendant". Loeser, it violated the biblical injunction which has been adopted as a rule of the common law, that no man may serve two masters, and it was against public policy in that it would require payment by the receiver to him for services rendered by him, and also payment by the receiver to his co-counsel, Loeser, for the identical services, and in turn, payment by Loeser to him for the identical services rendered to the receiver.

As plaintiff's acceptance of appointment by the court was wholly inconsistent with the performance of his alleged agreement with Loeser, it amounted to a renunciation by him of his alleged agreement with Loeser and a waiver by him of the performance thereof on the part of Loeser.

Thus, the only conclusion of law warranted by the facts is that plaintiff's alleged agreement with Loeser was abrogated by his acceptance of the appointment as co-counsel for the receiver.

The further allegation "but plaintiff was never permitted by the defendant to act as co-counsel, defendant having usurped individual control thereof" also constitutes a conclusion of law which is incorrect, being unwarranted by the facts pleaded, in that any services plaintiff might render as counsel for the receiver were, as a matter of law, subject to the direction and approval of the court in the receivership case, and the defendant as co-counsel could not prevent plaintiff from acting in his capacity as co-counsel and could not usurp individual control thereof.

The further allegation "that said defendant, Loeser, did pursuant to and in compliance with said agreement, in November, 1933, pay and remit to the plaintiff by check of the receiver, Wachner, one-half of the first partial payment of fees, that defendant, Loeser, received as attorney for said estate" also constitutes a conclusion of law which is incorrect, being unwarranted by the facts, as the court will take judicial notice that checks of receivers for services performed by an attorney appointed as counsel for the receiver, are issued only for services performed by such attorney for the receiver and are not issued in payment for services rendered by such attorney to another attorney acting in the capacity of co-counsel for the receiver.

Ignoring the pleaded conclusions of law which, as above stated, are not admitted by the demurrer, and giving effect to the conclusions of law warranted by the facts, the plaintiff was appointed as

one of the counsel for the receiver and accepted said appointment, which abrogated his alleged agreement with Loeser, and thereafter pursuant to said appointment plaintiff received a check from the receiver for services performed by him for the receiver. This being so, the only remedy the plaintiff had or has is such as might have been or may be available to him in the receivership case. The petion therefore does not state a cause of action and the Common Pleas Court did not err in sustaining the demurrer thereto and rendering the judgment it rendered.

It follows that the judgment of the Common Pleas Court in the Loeser case (19021) will be affirmed at the costs of appellant.

JACKSON, J., concurs.
SHERICK, J., dissents as hereinbefore noted.