**STEFANCIK, Appellee, v. KUHNS, Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21564. Decided July 17, 1950.

Kiefer, Waterworth, Hunter & Knecht, Cleveland, for appellee.

M. B. & H. H. Johnson, Cleveland, for appellant.

(HUNSICKER, PJ, DOYLE, J, of the Ninth District, and MONTGOMERY, J, of the Fifth District, sitting by designation in the Eighth District.)

**OPINION**

By HUNSICKER, PJ.

In this appeal on questions of law, the facts disclose that: George J. Stefancik and Muriel Stefancik were husband and

wife; they lived together in such relationship from the time of their marriage in August, 1941, until June, 1946; Muriel Stefancik was employed at Aluminum Company of America; in 1945, she met the defendant (appellant), Stanley R. Kuhns, personnel manager of Aluminum Company of America, and, so far as the record discloses, she had no contact with him except in a business relationship, until December, 1945, at a Christmas party of the employees of such company; at such party, Muriel Stefancik danced once with Stanley R. Kuhns; in March, 1946, Muriel Stefancik told her husband, George, that she no longer loved him and desired a divorce; on May 20, 1946, Muriel filed an action for divorce from her husband, George; in May, 1946, George Stefancik saw his wife riding in an automobile with Stanley R. Kuhns; on July 2, 1946, Muriel moved to a home in Garfield Heights, Ohio, a suburb of Cleveland; on and after July 2, 1946, Stanley R. Kuhns was frequently seen in the company of Muriel; George Stefancik discussed with Mrs. Stanley R. Kuhns on July 3, 1946, the fact of the association of his wife, Muriel, with Mr. Kuhns; George Stefancik secured a divorce from his wife, Muriel, in January, 1948, although, shortly prior thereto, Muriel sought a reconcilement on terms which her husband refused to accept.

On January 13, 1947, George Stefancik filed an action in the Common Pleas Court of Cuyahoga County, Ohio, against Stanley R. Kuhns, claiming that "in or before December, 1945," Stanley R. Kuhns wrongfully alienated the affections of his wife, Muriel, and that the actions of Kuhns have caused her to live apart from George Stefancik. A trial on the issues joined in such action resulted in a verdict and judgment for George Stefancik. It is from such judgment that an appeal on questions of law is before this court.

The test as to the right of the plaintiff to recover in the instant action is whether the defendant, by his conduct, intentionally accomplished the alienation of the affections of plaintiff's wife.

**21 O. Jur., Husband and Wife, Sec. 274, p 561,** and cases cited.

We have carefully examined the record of testimony and do not find any evidence which supports the theory that Stanley R. Kuhns caused Muriel Stefancik to announce to her husband, in March, 1946, her desire for a divorce.

The action, if it is to be maintained, must then be based on the claim that the conduct of Stanley R. Kuhns, subsequent to March, 1946, was of such a nature that it alienated the affections, etc., and induced Muriel Stefancik not to return to her husband.

402

The rule on this subject is set out in III Restatement of the Law of Torts, Sec. 684:

"One who, without a privilege to do so and for the purpose of disrupting the marriage relation, induces a wife to ∎ separate from her husband or not to return to him after she has separated from him, is liable to the husband for the harm thereby caused to any of his legally protected marital interests."

There is, of course, much evidence which shows that Kuhns did associate with Muriel Stefancik after the separation, but there is no credible evidence to show that he induced her to remain away from her husband.

Where it appears, as it does in the instant case, that the defendant did not cause the separation and did not influence the refusal of Muriel Stefancik to return to her husband, there can be no liability on the part of the defendant to respond in damages.

We find, therefore, that the judgment herein is manifestly against the weight of the evidence.

The judgment is reversed, and the cause remanded to the Common Pleas Court for further proceedings.

DOYLE, J, and MONTGOMERY, J, concur.