**GILMORE, Plaintiff, v. HENTHORNE, Defendant.**

Common Pleas Court. Fayette County.

No. 21795.   Decided March 11, 1955.

Reed M. Winegardner, Washington C. H., for plaintiff.
Junk & Junk, Washington C. H., for defendant.

## OPINION

By CASE, J.

This cause comes before the court upon Defendant's demurrer to Plaintiff's petition herein.

Plaintiff's petition reads as follows:

"Plaintiff, Elizabeth E. Gilmore. for her cause of action against the defendant, Marguerite Henthorne, says she was married to Leo J. Gilmore, on or about February 1, 1937, at Washington C. H., Ohio, and ever since has been and is now the lawful wife of said Leo J. Gilmore, and that there has been born, as the issue of said marriage, four children, Barbara Lou Gilmore, age 16; Helen Jean Gilmore, age 10; Diania Lee Gilmore, age 7; and Larry David Gilmore, age 3 years.

"Plaintiff further says that she and her said husband have always lived together as husband and wife. in peace, happiness and contentment and that said defendant, Marguerite Henthorne, well knowing said conditions to exist, did, approximately two years ago and at various times and places, both prior and subsequent thereto, wrongfully, unlawfully and maliciously, by her machinations, enticements, favors. attentions, affections and seductive influence, induce plaintiff's said husband to become dissatisfied with plaintiff and his married life and has so influenced the said Leo J. Gilmore, plaintiff's said husband, that he has left and abandoned plaintiff, much of the time during the past two years and completely since April 28. 1954.

"Plaintiff further says that by reason of the wrongful. unlawful, malicious and intentional conduct of the defendant, the affections of her said husband have been alienated by the defendant and that she has been deprived of adequate support by and the companionship, love, affection, consortium and attention, due her, by her said husband, all to her damage in the sum of Twenty Five Thousand ($25,000.00) Dollars.

"WHEREFORE, plaintiff prays for a judgment against the defendant in the sum of Twenty Five Thousand ($25,000.00) Dollars and the costs of this action."

To the aforesaid petition, Defendant filed the following demurrer and memorandum in support thereof:

"The defendant demurs to the petition herein and for grounds thereof says that it appears upon the face of the petition that the facts therein contained do not constitute a cause of action in favor of plaintiff and against this defendant.

"MEMORANDUM IN SUPPORT OF DEFENDANT'S DEMURRER

"Sec. 2309.08 R. C.

"Arlington P. Mead v. Rhonda H. Hoskins, et al., Volume 8 Ohio Decisions, page 342 states:

" 'In all the cases of this kind of action . . . . . it is necessary and seems to be the requirement that there should be some act or some thing pleaded on the part of the plaintiff that makes the malicious action. In this petition there is nothing of that kind. It says simply: "conspiring together and maliciously contriving and intending to injure plaintiff and to destroy his peace and happiness and to deprive him of the comfort, society and services of his said wife, did solely because of their malice and ill will toward plaintiff, induce and persuade his said wife to leave and separate

from him." Those acts may have been lawful enough. They may have been advised or something of that kind. Now, in this case it turns out from what the court states afterwards that when the mother of Irena Dick went to visit her she persuaded her to stay away from Dick, and threatened to disinherit her if she did not, which I suppose is the gravamen of the charge. But this petition only states in those respects either conclusions of fact or law, and does not set forth any wrongful act on the part of these defendants. and, I think for that reason the demurrer ought to be sustained. The acts, or facts, ought to be alleged so that the defendants may know what is intended to be charged as the action that constitutes the wrong.'

"Applying the above law to the instant case, defendant contends that plaintiff does not state facts constituting a cause of action in as much as her petition only states conclusions of facts such as machinations, enticements and conclusions of law such as maliciously, unlawfully etc. For these reasons the defendant maintains that the demurrer should be sustained."

The files and records in this cause fail to show that any memorandum contra said demurrer has been filed on behalf of Plaintiff.

The pertinent provisions of §2309.08 R. C., referred to and cited by Defendant's memorandum in support of her demurrer. reads as follows:

"The defendant may demur to the petition only when it appears on its face that:

"(J) The petition does not state facts which show a cause of action."

In support of her demurrer, Defendant's memorandum also cites Mead v. Hoskins, et al., 8 O. D. 342, decided by the Common Pleas Court of Licking County in 1898, which, according to the headnotes thereto, held:

"1. Petition must set Forth Acts Constituting Gravamen of the Charge.

"In an action by a husband for damages for the loss of his wife's **consortium** it is necessary that the petition should set forth the acts or facts which constitute the wrong or malicious action, or **gravamen** of the charge.

"2. Petition Alleging Conclusions Merely, Demurrable.

"A petition alleging, in substance, that defendants, conspiring together and maliciously contriving and intending to injure plaintiff and to destroy his peace and happiness and to injure and deprive him of the comfort. society and services of his wife, induced and persuaded her to leave and separate from him, simply states conclusions and is, therefore, demurrable."

In arriving at his decision on the demurrer in the Mead case, supra, Judge Jones assumed that the petition was based on **Holtz v. Dick, 42 Oh St 23**, and admitted that the decision in the Holtz case "does not give the petition" (8 O. D. 343). The Holtz case and the Mead case were based upon an action against parents of a married woman for inducing the plaintiff's wife to abandon him. Judgment against the defendants in the Holtz case was affirmed by the Supreme Court which held in part as follows:

"1. While the parents of a married woman are not liable in damages where they have encouraged her to separate from her husband and supported her in such separation, in the honest belief that it was necessary for her protection, the appearances seeming to indicate such necessity, although in fact there was no ground for separation and no actual neces-

sity for protection; yet where the motive is not protection to the wife, but malice and ill-will toward the husband, an action may be maintained.

"3. Where the parties to a marriage in this state arrive at the common law age of consent, and also arrive at a period when they are man and woman, the parents have no authority to compel a separation in opposition to the wishes and interest of the husband and wife, on the ground that such wife had not, at the time of the marriage, arrived at the age of sixteen years, and that the marriage was without the parents consent; and where such separation is caused by her parents, not for her protection, but solely to gratify their feelings of ill-will and hatred toward her husband, he may maintain an action for the injury.

"4. On the trial of an action against husband and wife, for inducing the plaintiff's wife to abandon him, in which the illegal acts are charged to have been done by the female defendant, evidence of her acts is competent, even if such acts were unknown to the husband and he had not encouraged her to commit them; and if a cause of action is proved, both are liable."

Thus it appears that the Holtz and Mead cases were similar with respect to the relationship of parties plaintiff and defendant and principles of law applicable to matters of proof competent to establish liability on the part of defendant parents. It is also clear that the Holtz case did not determine any matter with respect to the sufficiency of the allegations contained in the petition as against demurrer.

In Chapter 32, American Law Institute, Restatement of the Law of Torts, Marriage Relation, Section 686, the following rule is stated:

"One who alienates the affections of a married woman or induces her to separate from, or, if separated, not to return to her husband, is not liable to the husband if the actor

"(a) is a parent or near relative or is otherwise in a relation with her which justifies the giving of advise in personal matters, or is one who acts reasonably in response to a request from the wife for advice, and

"(b) acts primarily to advance what he reasonably believes to be her welfare, and

"(c) makes no false statements not reasonably believed by him to be true, and employs no means in themselves unlawful."

These pronouncements are consistent with paragraph one of the syllabus quoted above from the Holtz case, supra, and appear to have been fully considered in the thinking of Judge Jones in the Mead case, supra, as reflected by his statements on page 343 thereof as follows:

"* * * Those acts may have been lawful enough. They may have been advised or something of that kind. * * * But this petition only states in those respects either conclusions of fact or law, and does not set forth any wrongful act on the part of these defendants, * * *" The acts, or facts, ought to be alleged so that the defendants may know what is intended to be charged as the action that constitutes the wrong."

In other words, Judge Jones appeared to be fully aware of the "privilege" between parents and child in such actions and the distinctive allegations peculiar to and essentially required for the sufficiency of a petition to state such a cause of action against the parents where malicious conspiracy is charged as the basis of the action. Since Judge Jones' decision was rendered twenty years after the Supreme Court decided the case

of **Westlake v. Westlake, 34 Oh St 621,** it might well be that he was equally aware of the particularity with which Plaintiff's petition therein set forth her complaint against her husband's parents for the loss of the society and companionship of her husband and for wrongfully inducing and procuring her husband to abandon or send her away, as reproduced and quoted on pages 621 to and including 624.

One of the issues before the Supreme Court in the Westake case, supra, was: "1. That the petition does not state facts sufficient to constitute a cause of action." (Page 624.) At page 634 thereof, the court stated: "A majority of the court are of the opinion that there is a good cause of action stated in the petition." However, the lower court judgment for the plaintiff was reversed and the cause remanded to the court of common pleas for a new trial on other grounds pertaining to the competency of certain evidence and for error in the lower court's charge.

Therefore, it becomes apparent that the defendants' demurrer in the Mead case, supra, was considered simply upon the sufficiency of plaintiff's allegation, to-wit:

" 'The said defendants, sometime prior to the said fifth day of February, 1894, conspiring together and maliciously contriving and intending to injure plaintiff, and to destroy his peace and happiness and to deprive him of the comfort, society and services of his said wife, did, solely because of their malice and illwill toward plaintiff, induce and persuade his said wife to leave and separate from him, and to go to her mother's home, where she has since resided, under the control and improper influence of said defendants.' " (8 O. D. 342.)

Such allegations were found to be insufficient upon demurrer thereto in the light of the established principle of "privilege" between parents and their married child, as hereinabove discussed and referred to.

On the other hand, the instant case at bar is not subject to the general rule of "privilege" hereinbefore discussed and referred to. No family relationship is alleged or appears to be involved with respect to Defendant and Plaintiff's husband. Therefore the general rules applicable to interference with the marriage relation so complained of might be **paraphrased** and stated as follows:

"One, who, without a privilege to do so, purposely alienates a husband's affections from his wife, is liable for the harm thereby caused to any of her legally protected marital interests.

"One, who, without a privilege to do so and for the purpose of disrupting the marriage relation, induces a husband to separate from his wife or not to return to her after he has separated from her, is liable to the wife for the harm thereby caused to any of her legally protected marital interests." (See **Stefancik v. Kuhns, 44 O. O. 288, 58 Abs 400, 96 N. E 2d 318.**)

To do an act purposely implies an act of the will, an intention. a design to do the act. Purposely means designedly and knowingly with intent on the part of the actor.

By her demurrer herein filed. Defendant contends that Plaintiff "does not state facts constituting a cause of action in as much as her petition only states conclusions of facts such as machinations, enticements and conclusions of law such as maliciously, unlawfully etc."

Webster's New International Dictionary (1950) defines "machination" as "1. Act of machinating. 2. That which is devised; a device; a hostile

or treacherous scheme; an artful design or plot." It also defines enticement as "1. Incitement or that which encites. 2 An enticing; also, that by which one is enticed. Syn.—Allurement, attraction, temptation, seduction, enveiglement, persuasion, inducement."

Condensing Plaintiff's petition and giving it every reasonable inference, from the facts alleged, it clearly avers and charges in substance that Defendant, with knowledge of Plaintiff's marital interest and rights, knowingly and with artful design disrupted the marriage relation by various acts and conduct consisting of enticements, favors, attentions, affections and seductive influence for over a period of two years prior to the filing of Plaintiff's petition; and that, through such acts and conduct, Defendant alienated the husband's affections from Plaintiff and deprived Plaintiff of her marital rights to the support, companionship, love, affection, consortium and attention of her husband.

It is equally clear that Plaintiff's petition alleges that the acts so complained of were wrongful, unlawful, malicious and intentional, and that these averments would appear to be conclusions of fact or law not admitted by demurrer. However, there is a paucity of adjudication in Ohio upon the question presented. It is generally true that conclusions of law are not sufficient against demurrer, but the averments of knowledge and intention are mixed conclusions of law and fact or of fact alone, and in many instances it is considered to be adequate and sufficient pleading. (See: **Kaiser v. Rodenbaugh, 33 O. O. 196, 68 N. E. 2d 239; Landis v. Condon, 95 Oh Ap 28, 52 O. O. 371, 66 Abs 193, 116 N. E. 2d 602.)**

In the case of **Gugle v. Loeser, 143 Oh St 362, 39 Abs 173, 28 O. O. 318, 55 N. E. 2d 580,** our Supreme Court pronounced the following principles of law:

"3. The rules of the Code of Civil Procedure require a liberal construction of a petition favorable to the pleader.

"4. For the purpose of testing the legal sufficiency of a petition upon demurrer, a court must indulge every reasonable inference, from the facts alleged, to sustain the petition."

Applying these rules to Plaintiff's petition herein, it appears that the facts therein contained constitute a cause of action, in favor of Plaintiff and against Defendant, sufficient to advise and inform Defendant of the wrong charged and complained of. What the evidence may develop at the time of trial is another matter and is of no present concern. And, with respect to Plaintiff's averments that the acts complained of were maliciously and unlawfully accomplished, we must give due consideration to that portion of the decision in **Booth v. Krouse, 78 Oh Ap 461, 45 Abs 43, 34 O. O. 189, 62 N. E. 2d 89,** wherein our Court of Appeals held:

"3. Legal malice may be assumed in an action for alienation of affections where it appears that by reason of the acts of the defendant the affections of the spouse were alienated from the plaintiff."

Having determined that Mead v. Hoskins, 8 O. D. 342, is distinguishable, for the reasons and upon the grounds hereinabove stated and discussed, it must necessarily follow that the Mead case is not controlling upon the questions raised by demurrer to the petition herein.

Therefore, upon the authorities above cited and for the reasons herein discussed and set forth, the court finds that Defendant's demurrer is not well made and should be overruled.

The court further finds that counsel for Plaintiff should prepare an entry accordingly with appropriate notation therein of exceptions on behalf of Defendant and thereupon submit same to counsel for Defendant and to this court for approval within five days.