**RITTENHOUSE, Plaintiff, v. HOLFORD, Defendant.**

Common Pleas Court, Fayette County.

No. 22165.   Decided January 24, 1957.

Reed M. Winegardner, Washington C. H., for plaintiff.
John S. Bath, Washington C. H., for defendant.

## OPINION

By CASE, J.

This cause is before the court upon defendant's demurrer to plaintiff's petition herein.

Said demurrer reads as follows:

"The defendant demurs to the petition of the plaintiff for the reason that the same does not state a cause of action.

Defendant's demurrer is supported by a memorandum which reads:

"The gist of an action for the alienation of a husband's affections is the loss of the society, affection, and consortium of the husband, caused by the wrongful act of another. 21 O. Jur. 561.

"In the instant case, plaintiff alleges and specifically states that 'she and her husband **have always lived together as husband and wife, in peace, happiness and contentment**' (emphasis mine). There is no claim that this situation terminated at any certain time but, in fact, the very wording indicates that this marital situation continued up to and including the date of the signing of the petition. It follows; therefore, that this allegation entirely refutes any subsequent claim in the petition that the affections of plaintiff's husband have been alienated and eliminates that basis for a suit for alienation of affections.

"The plaintiff, by alleging a situation inconsistent with the necessary prerequisite in an action of this type, has failed to state a cause of action and has rendered the petition demurrable."

Plaintiff's memorandum, contra defendant's demurrer and in opposing defendant's above quoted memorandum, cites **Gilmore v. Henthorne, 70 Abs 193, 56 O. O. 156, 125 N. E. 2d 225**, wherein this court overruled such a demurrer to a petition which contained words and phrasing identical with that quoted and emphasized in defendant's memorandum herein.

This court is of the opinion that there is merit to plaintiff's contention that Gilmore v. Henthorne, supra, is dispositive of the issues raised by defendant's demurrer in the case at bar.

It is axiomatic and an established principle of legal interpretation that a passage or phrase is not to be understood absolutely as if it stood by itself, but is to be read in the light of the context. Therefore, it is a duty of the court to look at and consider the context in determining the application of the most ambiguous expression contained in a petition.

Upon applying this rule to the words quoted and emphasized by defendant's memorandum, it does not appear that said words and phrasing are inconsistent with or substantially tend to refute the operative facts and claims contained and set forth in plaintiff's petition.

And it also appears that the "context rule," hereinabove mentioned and discussed, is not inconsistent with the pronouncements of the Supreme Court of Ohio in **Gugle v. Loesser, 143 Oh St 362, 39 Abs 173, 28 O. O. 318, 55 N. E. 2d 580**, wherein it was held:

"3. The rules of the Code of Civil Procedure require a liberal construction of a petition favorable to the pleader.

"4. For the purpose of testing the legal sufficiency of a petition

upon demurrer, a court must indulge every reasonable inference, from the facts alleged, to sustain the petition."

It is axiomatic that a demurrer to a petition admits, for the purposes of such demurrer, the truth of all allegations contained in said petition which are well pleaded; and that, in ruling upon such demurrer, the court must assume the truth of such facts so pleaded in the petition.

Upon due consideration of all of the allegations contained in plaintiff's petition, together with all the issues raised by defendant's demurrer, and the rules of law applicable thereto, this court must conclude that defendant's demurrer is not well made and should be overruled.

The court further finds that counsel for plaintiff should prepare an entry accordingly with appropriate notation therein of exceptions on behalf of defendant and thereupon submit same to counsel for defendant and to this court for approval by on or before February 5, 1957; and that said entry should also grant leave of court for defendant to answer by on or before February 15, 1957.