**LANDIS et, Plaintiffs-Appellants, v. CONDON et, Defendants-Appellees.**

Ohio Appeals, Second District, Montgomery County.

No. 2179.   Decided April 3, 1952.

Herbert M. Eikenbary, Dayton, for plaintiffs-appellants.
Scharrer, Scharrer & Hanaghan, Dayton, for defendants-appellees.

## OPINION

By HORNBECK, PJ:

This is an appeal on questions of law from a judgment of the Common Pleas Court dismissing plaintiffs' amended petition after the sustaining of defendants' general demurrer thereto.

The amended petition of the plaintiffs, parents of the minor child, Carl Landis, institute the action in his behalf and say:

"That on the date alleged Carl Landis, while walking along a corridor in the Colonel White School, the child of the defendants, Fred Condon, aged fourteen years, did willfully and maliciously attack the son of Nathan and Clara Landis by jumping upon his back and throwing him to the floor of said corridor."

The injuries suffered are set out and the petition continues and avers:

"That the parents and guardians of said Fred Condon, well knew said child to be of vicious propensities and disposition, and that said child should not have been at large, without

a proper guard or watch over said Fred Condon, and that said parents, the defendants herein, were negligent in letting said child run at large, knowing full well the reckless and vicious disposition of said child."

The brief of Appellants quotes the decision of the trial court on the demurrer as follows:

"But the difficulty with the amended petition is that the facts with regard to the source of knowledge of the child's vicious character are wholly omitted and we are supplied only with the conclusion that the defendant parents possessed such knowledge. And a mere conclusion of fact or law is not admitted by demurrer."

Condensing the petition, it avers the assault, which it is claimed was willful and malicious; that it was made by the son of the defendants who had vicious propensities and disposition, known to the parents and that they negligently failed to properly guard or restrain said child.

There is paucity of adjudication in Ohio upon the question presented. Of course, it is a safe proposition to say that conclusions of law are not sufficient against general demurrer, but the averment of knowledge is a mixed question of law and fact or of fact alone and in many instances is considered to be adequate pleading. For instance, in negligence actions against a city for the maintenance of a nuisance in the streets. In these cases it is essential that notice to the city be pleaded and proven, but such notice is charged by the averment that the city knew or should have known the dangerous condition of which complaint is made.

We are satisfied that the averment of the vicious tendencies of the child of defendants, together with the averment that they were well known to his parents is sufficient against a general demurrer. In the case of Cluthe v. Svendsen, 9 O. D. Re. 458, it is said that the gist of the action was that the negligence of the parent with knowledge of the vicious propensities of the child made the injury possible.

While the Court held in **Ringhaver v. Schlueter, 23 Oh Ap, 355**, that the parent was not liable for the tort of the minor charged, the reason for the holding was, in part, at least, that the act complained of was not in itself evidence of a weak or vicious mind. Thus, the parent could not be held to be chargeable with knowledge of any vicious propensities of the child.

It is said in Evans v. Cricket, 2 O. D. Re. 405:

"So, in petitions under the code * * * which requires the facts to be stated 'allegations of ownership, possession, * * * notice, demand, delivery and mixed questions of law and

fact' * * * may be averred, although the averment is somewhat in the nature of a conclusion."

See also Bates Pleading, Practice, etc., 4th Edition, page 1880 and form of petition at page 1884:

"An averment of knowledge is not a conclusion of law. but a statement of fact."

American Surety Co. v. Multnomah Co. (Or.) 148 A. L. R. 926.

It is our judgment that the petition was good against the general demurrer and that the action of the Common Pleas Court in sustaining the demurrer and entering judgment of dismissal was prejudicially erroneous.

The judgment will be reversed and the cause remanded with instructions to overrule the demurrer.

WISEMAN and MILLER, JJ, concur.