GOSNELL ET AL., APPELLANTS, *v.*
MIDDLEBROOK, A MINOR, ET AL.,
APPELLEES.

(No. 9-87-29 — Decided
June 14, 1988.)

*Daniel E. Shifflet,* for appellants.
*Lasky & Semons* and *William A.
Semons,* for appellees.

GUERNSEY, J.    On March 10,
1987, plaintiffs John L. Gosnell and his
wife, Lori A. Gosnell, filed their com-
plaint in the Marion Municipal Court
for Marion County, seeking to recover
damages relating to injuries alleged to
have been received by John L. Gosnell
by reason of the deliberate and inten-
tional acts of "the defendants." Joined
as defendants were Darren Middle-
brook and Terren Middlebrook, both
minors, and Gloria Lawhorn and
Ronald Lawhorn, alleged to be their
custodial parents having custody and
control of the minors during all times
material to the complaint.

Before the matter went to trial on
the issues joined the trial court
rendered summary judgment against
the plaintiffs and for defendant Ronald
Lawhorn based on his motion and his
affidavit to the effect that he is not the
parent of the minor defendants, they

being the children of his wife by her
former marriage. Plaintiffs filed no
evidentiary documentation permitted
by Civ. R. 56 to the contrary. The trial
court found that the statutory liability
of parents under R.C. 3109.10 is in
derogation of common law, that the
statute must be strictly construed, and
that pursuant to the "plain meaning"
thereof, defendant Ronald Lawhorn
was entitled to summary judgment,
which is thereupon rendered, certify-
ing that there is no just reason for
delay. It is from this judgment that the
plaintiffs appeal, their sole assignment
of error being error of the trial court in
granting summary judgment "for the
reason that a 'step-parent' is a 'parent'
within the meaning of R.C. Sec.
3109.10."

The statutory liability, if any, of
parents for the torts of their minor
children is set forth in R.C. 3109.10, in
the following words:

"Any person is entitled to main-
tain an action to recover compensatory
damages in a civil action, in an amount
not to exceed two thousand dollars and
costs of suit in a court of competent
jurisdiction, from the parents who
have the custody and control of a child
under the age of eighteen, who will-
fully and maliciously assaults the per-
son by a means or force likely to pro-
duce great bodily harm. * * *"

Although the plaintiffs have cited
two cases from other jurisdictions in
support of their claim that a step-
parent is subject to such liability, we
find neither case applicable here. In-
stead we are constrained, as was the
trial court, by the pronouncement of
the Supreme Court in *Motorists Mut.
Ins. Co.* v. *Bill* (1978), 56 Ohio St. 2d
258, 261, 263, 10 O.O. 3d 398, 399, 400,
383 N.E. 2d 880, 882, 883:

"Under the common law, parents
were not held liable in damages for the
torts of their minor children simply
because of the parent-child relation-
ship. * * *

"Over the years, many states, including Ohio, have enacted statutes in derogation of the common law which have imposed upon parents legal responsibility for the consequences of the tortious acts of their children which resulted in damages to others. "* * *

"* * * However, we believe it to be the general view that these laws having been enacted in derogation of the common law, and having not been enacted primarily as a remedial measure, but equally as a form of penalty, courts should construe the liability to be imposed upon the parents in a strict, rather than a liberal, manner. * * *"

We know of no place in Ohio law where the mere fact of marriage to a child's natural parent gives to a person not a natural parent any rights of custody or control, or imposes upon that person obligations of support or responsibility with respect to a child of the natural parent. In our opinion strict construction of R.C. 3109.10 requires that the word "parents" in the first sentence thereof be limited in its application to the natural parents of the minor child whose tort is involved. We are of the further opinion that in the light of the words of the statute even liberal construction would not permit the word "parents" therein to be extended to a stepparent not shown to have any legal right of custody or obligation of control over the minor child involved.

Accordingly, we find no merit to the assignment of error and conclude that the judgment must be affirmed.

*Judgment affirmed.*

MILLER, P.J., and COLE, J., concur.

J. THOMAS GUERNSEY, J., retired, of the Third Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.