■ ADOLPH E., an Infant, by SUSAN E., His Parent and Natural Guardian, et al., Respondents, v LINDA M. et al., Appellants.—Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Plaintiffs, a mother and son, sued defendants for damages allegedly caused when defendants' 14-year-old daughter was babysitting plaintiff son, who was then 11 years old, at defendants' home. The son was allegedly coerced to perform sexual activity with defendants' daughter, and was forced to observe sexual activity between defendants' daughter and their sons.

The court erred in denying defendants' motion for summary judgment dismissing the complaint. Defendants had argued that they could not be held liable for negligent supervision of their daughter and that recognized exceptions to that general principle, that their daughter had known vicious propensities or that they had negligently entrusted her with a dangerous instrumentality, did not apply. With respect to known vicious propensities, plaintiffs relied on plaintiff mother's deposition testimony that defendant mother in a telephone conversation

told her that she and defendant husband were aware of a game during which their daughter, wrapped in a towel but otherwise naked, asked her brothers to chase her. She would run into the bedroom and land on the bed and she would have the boys jump ˜on top of her and try to pull the towel off. Defendant mother denied the content of the conversation. Even assuming, arguendo, that defendants had prior knowledge of that conduct, it would not constitute notice that their daughter had a propensity to engage in harmful sexual conduct with a child for whom she was babysitting, thereby rendering them liable for failure to reasonably restrain their daughter from that conduct (see, 3 Harper, James & Gray, Torts § 18.7, at 737-738 [2d ed]). We also agree with defendants that plaintiffs have failed to show a factual issue whether defendants negligently entrusted their daughter with a dangerous instrumentality. Sexually explicit materials such as videotapes and magazines do not constitute dangerous instrumentalities within the meaning of a cause of action for negligent entrustment of a dangerous instrumentality (see generally, Nolechek v Gesuale, 46 NY2d 332, 338-340; see, e.g., Leek v McGlone, 140 AD2d 413; Masone v Gianotti, 54 AD2d 269; Bucholtz v Grimmer, 50 AD2d 1062). (Appeal from Order of Supreme Court, Onondaga County, Nicholson, J.—Summary Judgment.) Present—Dillon, P. J., Boomer, Pine and Balio, JJ.