**DOE et al.**

**v.**

**KAHRS et al**

Court of Common Pleas of Ohio,
Clermont County.

No. 94–CV–000289.

Decided July 20, 1995.

8

*Derek Gustafson,* for plaintiffs.

*Bruce B. McIntosh,* for defendants.

Robert P. Ringland, Judge.

This matter came before the court for oral argument on July 17, 1995, pursuant to defendants' motion for summary judgment. The court took the matter under advisement, and upon review of the affidavits and depositions submitted by the parties, as well as the authority of the case law cited herein, the court hereby renders a decision as follows.

Plaintiffs James Doe et al. herein seek to recover from the defendants for the defendants' alleged negligent supervision of the defendants' children and the negligent storage of pornographic videotapes. Plaintiffs allege that their minor child was sexually molested by the defendants' minor children, Scott Kahrs and Bryan Kahrs. It is alleged that the Kahrs children forced plaintiffs' minor child to engage in anal sex and fellatio. It is further alleged that the defendants maintained within their home pornographic videotapes to which their children gained access and viewed, subsequently acting out the sexual events depicted therein with the Doe child. These acts allegedly occurred inside the defendants' mobile home while the defendants were at work during the day.

In moving for summary judgment, the defendants claim that there is limited parental liability for the intentional acts of their children, citing, *inter alia,* R.C. 3109.10. Defendants assert that they had no knowledge that their children were viewing the pornographic materials, much less engaging in aberrant sexual behavior as a result. Finally, the defendants claim that possession of pornographic material alone cannot be the basis for a civil action.

Countering the defendants' argument, the plaintiffs suggest that the defendants are liable for negligent entrustment of a dangerous instrumentality, *i.e.,* the pornographic materials, inasmuch as the Kahrs children were not prevented from gaining access to these tapes. The plaintiffs also claim that the defendants had

knowledge of their son Scott's propensities prior to the acts complained of and, thus, they should be held liable for negligent supervision.

Summary judgment is appropriate where there is no genuine issue as to any material fact which remains to be litigated, reasonable minds can come to but one conclusion, and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). In determining whether to grant summary judgment, the evidence must be construed in a light most favorable to the nonmoving party. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. Summary judgment is to be used cautiously so as not to usurp the litigant's right to trial when conflicting facts and circumstances are presented. *Viock v. Stowe-Woodward Co.* (1983), 13 Ohio App.3d 7, 13 OBR 8, 467 N.E.2d 1378, paragraph one of the syllabus.

Generally, parents cannot be held liable for the independent torts of their child unless the parents are in some way connected to the child's wrongdoing, either actively or passively. *Lacker v. Ewald* (1901), 11 Ohio Dec. 337. Parents of a minor child may be liable for the torts of the child if the parents fail to exercise proper parental control over their child and the parents knew, or should have known from their knowledge of the habits or tendencies of the child, that the failure to exercise such control posed an unreasonable risk that the child would injure others. *McGinnis v. Kinkaid* (1981), 1 Ohio App.3d 4, 1 OBR 45, 437 N.E.2d 313. Parents can also be held liable when they permit their inexperienced or irresponsible minor child to keep or have access to an inherently dangerous instrumentality, under circumstances which should put them on notice that the instrumentality may become a source of danger to others. *Id.*

Parents cannot be held liable for negligent supervision of their children when the parents do not know of the children's propensity to engage in the sort of conduct that causes the plaintiff's injury. *Adolph E. v. Linda M.* (1991), 170 A.D.2d 1011, 566 N.Y.S.2d 165; *K.C. v. A.P.* (1991), 577 So.2d 669. In the absence of any evidence indicating that parents knew or should have known that their son was sexually abusing a minor, parents cannot be held liable for negligent supervision as a result of their child's sexually abusing a minor plaintiff. *Id.*

The court herein knows of no authority that treats pornographic material as a dangerous instrumentality as a legal term of art; the only court case that addresses that issue has held that pornographic material does not constitute a dangerous instrumentality for which parental liability for negligent entrustment will follow. *Adolph E., supra.*

In the instant case, plaintiffs present evidence that creates an issue of fact as to whether defendants knew or should have known that at least one of their children

had a propensity to engage in aberrant sexual behavior. The eldest son, Scott, sexually abused the other son, Bryan, prior to having contact with the Doe child. Mr. Kahrs stated that he knew some things were happening with Bryan and that his boy needed some counseling. When contacted by parents concerning Scott's acts, Mr. Kahrs apparently acknowledged the fact that Scott had been engaging in this sort of activity for "a while." The affidavits presented by plaintiffs create an issue of fact as to the defendants' knowledge that the failure to exercise control would result in an unreasonable risk to other children.

Although the defendants may ultimately be held liable for negligent supervision of their children, this court cannot hold that pornographic material constitutes a dangerous instrumentality, as that term is used by the courts.

In light of the foregoing, and construing the evidence most strongly in plaintiffs' favor, the court hereby holds that an issue of fact exists as to whether defendants knew of their children's propensities and, hence, whether they can be liable for negligent supervision. There is no issue of fact, however, with regard to whether the defendants entrusted their children with a dangerous instrumentality. The court hereby denies defendants' motion for summary judgment in part.

Since the issue of negligent entrustment does not involve the use of additional expert testimony as it may under the dangerous-instrumentality theory, no additional discovery or delay is anticipated and plaintiffs' motion to continue is also denied.

*Judgment accordingly.*