OPINION JUDGMENT ENTRY
{¶ 1} This is an appeal from the Small Claims Division of the Fairfield County Municipal Court.
{¶ 2} No Appellee's brief has been filed.
 STATEMENT OF THE FACTS AND CASE
{¶ 3} Appellant is the custodial parent of his four-year-old son, Cameron.
{¶ 4} On May 23, 2003, while Appellant was at work, the mother of Cameron took such child to visit his grandparents.
{¶ 5} While the mother was in the grandparent's residence, Cameron was outside playing. The child picked up a rock in the yard and threw it, striking the passing vehicle of Appellee, causing damage.
{¶ 6} The Magistrate determined that Cameron, at age four, was incapable of negligence and, therefore, no parental liability arises under R.C. 3109.09, but that such child was negligently supervised, thereby resulting in liability.
{¶ 7} The court affirmed the Magistrate's decision.
{¶ 8} Two Assignments of Error are raised.
 ASSIGNMENTS OF ERROR
{¶ 9} "I. The trial court erred as a matter of law and to the prejudice of the Defendant-Appellant in holding Defendant-Appellant liable for the negligent supervision of his son.
{¶ 10} "II. The trial court erred to the prejudice of Defendant-Apelleant in holding that his son was totally unsupervised at the time of the incident referred to in the Complaint."
 I and II
{¶ 11} We shall address both Assignments of Error together.
{¶ 12} While R.C. 3109.09 speaks of an intentional act rather than a negligent act, we still agree that such statute is inapplicable based on the evidence. A child under seven years of age is incapable of either negligence or an intentional tort.DeLuca v. Bowden (1975), 42 Ohio St.2d 392.
{¶ 13} As the mother was not joined as a party defendant, such issue of any negligence attributable to her is not before us.
{¶ 14} There are two questions to be considered, i.e., first, the requirements needed as a predicate to negligent supervision of a child and second, whether negligent supervision can be imputed to an absent parent. As to this latter question, the selection of the mother as a supervisory person could be relative.
{¶ 15} To prevail in a negligent supervision complaint, plaintiffs must show that: (1) the parents knew of their child's particular reckless or negligent tendencies (thus knew they needed to exercise control over him); (2) the parents had the ability to exercise control; and (3) the parents did not exercise that control. See D'Amico v. Burns (1984), 13 Ohio App.3d 325,327, 469 N.E.2d 1016; Nearor v. Davis (1997),118 Ohio App.3d 806, 813. Finally, plaintiffs must show that the alleged parental negligence was the proximate and foreseeable cause of the injury suffered. See Nearor, supra, at 812, 694 N.E.2d 120.
{¶ 16} In Ohio, parental knowledge of a child's "vicious propensities" is an essential element in establishing negligent supervision. Landis v. Condon (1952), 95 Ohio App. 28, 29-30,116 N.E.2d 602. "`To establish foreseeability of the act or injury [pursuant to negligent supervision], plaintiff must prove that specific instances of prior conduct were sufficient to put a reasonable person on notice that the act complained of was likely to occur.'" (Alteration in original.) Nearor, supra, at 813,694 N.E.2d 120, quoting Haefele v. Phillips (April 23, 1991), Franklin App. No. 90AP-1331, unreported. As one court explained, "[p]arents cannot be held liable for negligent supervision of their children when the parents do not know of the children's propensity to engage in the sort of conduct that caused the plaintiff's injury." Doe v. Kahrs (1995), 75 Ohio Misc.2d 7,10, 662 N.E.2d 101.
{¶ 17} In the case sub judice, the evidence is totally absent to indicate that the child had propensities based on prior conduct toward this behavior which would place a parent on notice that such an act was foreseeable or likely to occur.
{¶ 18} In addition, the record is also lacking as to any indication that the mother did not possess the capability of supervision which would place the father on notice that additional caution as to supervision must be provided.
{¶ 19} We therefore sustain the First Assignment of Errror and determine that the Second Assignment of Error is moot.
{¶ 20} This cause is reversed, judgment is vacated, final judgment rendered in favor of Appellant.
Hoffman, P.J., and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Municipal Court is this cause is reversed, judgment is vacated and final judgment rendered in favor of Appellant. Costs assessed to Appellee.