OPINION
{¶ 1} Appellants, Rachael A. Cogswell and Jill Cogswell, appeal from the June 4, 2003 judgment entry of the Geauga County Court of Common Pleas, granting appellees', G. Michael Holder and Susan Holder ("the Holders"), motion for summary judgment.
 {¶ 2} On February 9, 2001, appellants filed a complaint against Clark Retail Enterprises, Inc., Beech Brook, Halford and Billie Elston ("the Elstons"), Marcus Moorer ("Moorer"), Wesley Pearson ("Pearson"), the Holders, and their minor daughter, Jillian Holder, alleging negligence and/or willful, wanton and/or reckless misconduct which caused personal injuries to appellant Rachael Cogswell, and setting forth claims of infliction of emotional distress and loss of service by her mother, appellant Jill Cogswell, arising out of a robbery and shooting which occurred on February 18, 2000. The Holders filed an answer on May 30, 2001.
 {¶ 3} On August 2, 2002, the Holders filed a motion for summary judgment pursuant to Civ.R. 56. Appellants filed a brief in opposition to the Holders' motion for summary judgment on October 7, 2002. The Holders filed a reply on December 6, 2002.
 {¶ 4} The facts emanating from the record are as follows: Moorer was a resident at Beech Brook from 1995 to 1998.[1]
Moorer was placed in 1998, with the Elstons, a married couple who have provided therapeutic foster care to troubled teenage boys for more than twenty years. Moorer had a treatment plan which included therapy sessions at Beech Brook.
 {¶ 5} On the morning of February 18, 2000, Moorer stated that he received a phone call from Pearson, a former foster child of the Elstons. According to Moorer, the Elstons did not want him to socialize with Pearson because of Pearson's violent and delinquent background. Moorer told the Elstons that he and Jillian Holder, one of Pearson's girlfriends, were going to the mall, out to eat, and then to the movies. The Elstons permitted Moorer to go with Jillian Holder to celebrate his fifteenth birthday.
 {¶ 6} Pearson and Jillian Holder picked up Moorer around 10:30 a.m. On the way to the mall, Moorer stated that Jillian Holder was shown a gun.[2] After leaving the mall, Moorer said that they went to a park and smoked marijuana. According to Moorer, Pearson came up with the idea to rob a gas station. At approximately 11:00 p.m., Pearson, Jillian Holder, and Moorer arrived at the Clark Gas Station on Mayfield Road in Geauga County, Ohio. Moorer shot and injured appellant Rachael Cogswell as well as fatally shot Danielle Kovacic ("Kovacic"), a store employee.[3] Jillian Holder drove the getaway car.[4]
 {¶ 7} Pursuant to its June 4, 2003 judgment entry, the trial court granted the Holders' motion for summary judgment. The trial court determined that R.C. 3109.10 is a "principal offender" only statute, complicity does not suffice, and the facts do not support a conclusion of negligent supervision under Civ.R. 56. It is from that judgment that appellants filed a timely notice of appeal and make the following assignments of error:
 {¶ 8} "[1.] The trial court committed prejudicial error in granting [the Holders'] motion for summary judgment based upon its opinion that R.C. 3109.10 (strict liability of parents for assaults by their children), is a `principal offender' only statute, finding complicity does not suffice, where [the Holders'] child, Jillian Holder, was convicted of aggravated murder and robbery, attempted aggravated murder with a firearm specification, and two specifications of aggravating circumstances of aiding and abetting."
 {¶ 9} "[2.] The trial court committed prejudicial error in granting [the Holders'] motion for summary judgment, finding that the facts do not support a conclusion of negligent supervision where [the Holders] failed to exercise reasonable control over their child, Jillian, when they had the ability to control but acquiesced as to her known one and one-half year long standing relationship with a known violent man engaged in criminal activity, which required a jury determination as to the foreseeable consequence of [the Holders'] negligence."
 {¶ 10} In their first assignment of error, appellants argue that the trial court erred in granting the Holders' motion for summary judgment based upon its opinion that R.C. 3109.10 is a "principal offender" only statute, finding complicity does not suffice, where their child, Jillian Holder, was convicted of the foregoing felonies. Appellants contend that when R.C. 3109.10 is read in conjunction with R.C. 2923.03, which deals with complicity, it is clear that R.C. 3109.10 is not a "principal offender" only statute.
 {¶ 11} In order for a summary judgment to be granted, the moving party must prove: "* * * (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." Mootispawv. Eckstein (1996), 76 Ohio St.3d 383, 385.
 {¶ 12} The Supreme Court stated in Dresher v. Burt (1996),75 Ohio St.3d 280, 296, that: "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the recordwhich demonstrate the absence of a genuine issue of fact on amaterial element of the nonmoving party's claim. The `portions of the record' to which we refer are those evidentiary materials listed in Civ.R. 56(C), such as the pleadings, depositions, answers to interrogatories, etc., that have been filed in the case. * * *" (Emphasis sic.)
 {¶ 13} If the moving party satisfies this burden, then the nonmoving party has the burden, pursuant to Civ.R. 56(E), to provide evidence demonstrating a genuine issue of material fact. If the nonmoving party does not satisfy this burden, then summary judgment is appropriate. Civ.R. 56(E). Appellate courts review a trial court's granting of summary judgment de novo. Brown v.Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. TheBrown court stated that "we review the judgment independently and without deference to the trial court's determination." Id. An appellate court must evaluate the record "in a light most favorable to the nonmoving party." Link v. Leadworks Corp.
(1992), 79 Ohio App.3d 735, 741. Furthermore, a motion for summary judgment must be overruled if reasonable minds could find for the party opposing the motion. Id.
 {¶ 14} R.C. 3109.10 provides that: "[a]ny person is entitled to maintain an action to recover compensatory damages in a civil action, in an amount not to exceed ten thousand dollars and costs of suit in a court of competent jurisdiction, from the parent of a child under the age of eighteen if the child willfully and maliciously assaults the person by a means or force likely to produce great bodily harm. A finding of willful and malicious assault by a means or force likely to produce great bodily harm is not dependent upon a prior finding that the child is a delinquent child."
 {¶ 15} Parental liability laws, including R.C. 3109.10, should be construed to impose liability on parents in a strict, rather than a liberal manner. Gosnell v. Middlebrook (1988),55 Ohio App.3d 93, 94, citing Motorists Mut. Ins. Co. v. Bill
(1978), 56 Ohio St.2d 258, 261. "`This means that it is to be confined in operation to cases which fall fairly within the letter of the statute recognizing nothing that is not expressed.'" Tillimon v. Sullivan (June 30, 1988), 6th Dist. No. L-87-308, 1988 Ohio App. LEXIS 2616, at 94, quotingTravelers Indemn. Co. v. Brooks (1977), 60 Ohio App.2d 37, 41.
 {¶ 16} In Jackson v. Erdy (Feb. 6, 1990), 10th Dist. No. 89AP-362, 1990 Ohio App. LEXIS 414, the Tenth District held that liability for parents under R.C. 3109.10 is limited to the child who actually did the act. In that case, the court determined that "[b]ecause neither Erdy nor Smith willfully and maliciously assaulted Jackson, Jackson is not entitled to maintain an action to recover damages from their parents." Id. at 7.
 {¶ 17} In the case at bar, a plain reading of R.C. 3109.10
indicates that a parent may be liable "if the child willfully and maliciously assaults the person by a means or force likely to produce great bodily harm." Although seventeen-year-old Jillian Holder was involved with Moorer and Pearson in the underlying plan to rob a gas station, Moorer shot and injured appellant Rachael Cogswell as well as fatally shot Kovacic. Even though Jillian Holder was an accomplice by driving the getaway car, she did not personally willfully and maliciously assault appellant Rachael Cogswell or Kovacic. We agree with the trial court that complicity does not suffice. Thus, based on Erdy, supra, and R.C. 3109.10, the Holders are not liable. Therefore, based onMootispaw, supra, it was proper for the trial court to conclude that summary judgment was appropriate. Appellants' first assignment of error is without merit.
 {¶ 18} In their second assignment of error, appellants contend that the trial court erred in granting the Holders' motion for summary judgment, finding that the facts do not support a conclusion of negligent supervision where the Holders failed to exercise reasonable control over their child, Jillian Holder. Appellants stress that the Holders had the ability to control but acquiesced regarding Jillian Holder's one and one-half year long relationship with Pearson, a know violent man, which required a jury determination regarding the foreseeable consequence of the Holders' negligence.
 {¶ 19} "To prevail in a negligent supervision complaint, plaintiffs must show that: (1) the parents knew of their child's particular reckless or negligent tendencies (thus knew they needed to exercise control over him); (2) the parents had the ability to exercise control; and (3) the parents did not exercise that control." Shupe v. Childers, 5th Dist. No. 2003CA00068, 2004-Ohio-1767, at ¶ 15. Plaintiffs must also show that the alleged parental negligence was the proximate and foreseeable cause of the injury suffered. See Nearor v. Davis (1997),118 Ohio App.3d 806, 812.
 {¶ 20} In order to establish negligent supervision, parental knowledge of a child's "vicious propensities" is an essential element. Shupe, supra, at ¶ 16, citing Landis v. Condon
(1952), 95 Ohio App. 28, 29-30. "`To establish foreseeability of the act or injury (pursuant to negligent supervision), plaintiff must prove that specific instances of prior conduct were sufficient to put a reasonable person on notice that the act complained of was likely to occur.'" Nearor, supra, at 813, quoting Haefele v. Phillips (Apr. 23, 1991), 10th Dist. No. 90AP-1331, 1991 Ohio App. LEXIS 2038, at 4.
 {¶ 21} In the instant matter, the Holders did not provide Jillian Holder with a dangerous instrumentality, nor did they consent to her involvement in the crime at issue. Based on the record, the Holders were not on notice of the possibility of any criminal activities or vicious propensities of Jillian Holder. Appellants put forth no evidence that the Holders knew about Pearson's reputation. There is no evidence that Jillian Holder's relationship with Pearson would have given the Holders reasonable cause to believe that Moorer would have shot appellant Rachael Cogswell and Kovacic, or that Jillian Holder would have been involved in such a crime. As such, pursuant to Shupe, supra, because the Holders had no knowledge of Jillian Holder's vicious propensities, they did not owe a duty to appellants to control her activities. See, also, Huston v. Konieczny (1990),52 Ohio St.3d 214, 217. Thus, it is unnecessary to address appellants' contentions concerning proximate causation. Based on Mootispaw,
supra, it was proper for the trial court to conclude that summary judgment was appropriate. Appellants' second assignment of error is without merit.
 {¶ 22} For the foregoing reasons, appellants' assignments of error are not welltaken. The judgment of the Geauga County Court of Common Pleas is affirmed.
Christley, J., O'Neill, J., concur.
[1] Beech Brook is a mental health organization which works in conjunction with the Cuyahoga County Department of Children and Family Services to provide various services including the following: (1) residential services to children who have identified severe, emotional, and behavioral disturbances; (2) traditional foster care services for children who display minimal to moderate behavioral problems; and (3) other specialized foster care to those that exhibit moderate to serious emotional and behavioral difficulties.
[2] Moorer indicated that he previously stole a loaded gun from a store, hid it inside his closet in a pocket of a coat that he never wore, and gave it to Pearson a few days before February 18, 2000.
[3] Moorer is currently incarcerated for aggravated murder, attempted aggravated murder, and robbery.
[4] Jillian Holder was convicted of complicity in the offenses of aggravated murder, attempted aggravated murder, and robbery. Jillian Holder was also found guilty of two specifications of aggravating circumstances of aiding or abetting in the commission of aggravated murder for the purpose of escaping detection, apprehension, trial, or punishment, and for aiding or abetting in the commission of aggravated murder as a part of a course of conduct involving the purposeful killing or attempt to kill two or more persons.