RELF, APPELLANT, *v.* WOOLWINE, APPELLEE.

(No. 83AP-174—Decided
December 27, 1983.)

Gerald J. Todaro Co., L.P.A., and
Mr. Gerald J. Todaro, for appellant.
Mr. William H. Truax, for appellee.

WHITESIDE, P.J. Plaintiff appeals from a judgment of the Franklin County Court of Common Pleas and raises two assignments of error, as follows:

"1. The trial court committed prejudicial error when ruling that there was no issue as to any material fact and that the defendant was entitled to judgment as a matter of law under § 4507.07 R.C.

"2. The trial court committed prejudicial error when ruling that the negligence of a minor operating a motorcycle on a public highway causing an accident on private property is not imputed to a parent under § 4507.07 R.C."

There is no dispute but that defendant Mark Anthony Woolwine negligently lost control of a motorcycle he was operating, crashed into a parked car, and caused injuries to plaintiff-appellant, Catherine Relf, who was a passenger on the motorcycle which was owned by Steve Salyer. Since Mark Woolwine was operating the motorcycle with permission of Salyer, his insurance carrier provided coverage and paid the policy limits to Relf in exchange for a covenant not to sue either Salyer or Mark Woolwine. Plaintiff then pursued this action against Mark Woolwine's father, William Woolwine, pursuant to R.C. 4507.07, since Mark Woolwine was only seventeen years old at the time and his father had signed for his operator's license. The trial court sustained William Woolwine's motion for summary judgment without explanation as to reason, other than citing Puckett v. Miller (App. 1980), 19 O.O. 3d 349, and suggesting that R.C. 4507.07 was not applicable under the circumstances.

R.C. 4507.07(B) provides as follows:

"Any negligence, or willful or wanton misconduct, that is committed by a minor under eighteen years of age when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of the minor for a probationary license or restricted license, which person shall be jointly and severally liable with the minor for any damages caused by the negligence or the willful or wanton misconduct.

"There shall be no imputed liability imposed under this division, if a minor under eighteen years of age has proof of financial responsibility with respect to the operation of a motor vehicle owned by the minor or, if the minor is not the owner of a motor vehicle, with respect to the minor's operation of any motor vehicle, in the form and in the amounts as required under Chapter 4509. of the Revised Code."

In relying upon Puckett, the trial court apparently assumed that the accident in question occurred on private property and, thus, did not involve a motor vehicle being driven "upon a highway," within the contemplation of R.C. 4507.07(B). There is nothing in the record on appeal which supports a determination that reasonable minds could only conclude that the negligence in question occurred on private property, although this is the fifth defense of defendant William Woolwine's answer. However, negligently operating a vehicle, including a motorcycle, upon a public highway in such a fashion that it leaves the highway and collides with an object on private property constitutes negligent operation of a motor vehicle "upon a highway" within the contemplation of R.C. 4507.07(B). Thus, to this extent, plaintiff's second assignment of error could be well-taken if any such error were prejudicial, which depends upon the first assignment of error.

Defendant William Woolwine contends that he signed only his son's application for a probationary driver's license for an *automobile* and *did not* sign an application for his son to operate a motorcycle, which requires a special endorsement on

the license, even though a motorcycle is a motor vehicle within the contemplation of R.C. 4507.07(B).

Again, however, the evidence does not conclusively establish the circumstances involved. Although plaintiff did file a memorandum in the trial court indicating that the parties had agreed to submit the case on stipulated facts, no stipulated facts are included in the record on appeal. However, plaintiff, in such memorandum, in effect conceded that defendant Mark Woolwine's probationary automobile license did not include a motorcycle. Thus, the situation could well be the same as if defendant Mark Woolwine had no license and his father, defendant William Woolwine, had not signed for same.

Nevertheless, there is another reason for affirming the judgment of the trial court. The second portion of R.C. 4507.07(B), *supra,* expressly provides that imputed liability under that section shall not exist if the minor is operating a motor vehicle he does not own if there is proof of financial responsibility with respect to such motor vehicle, "in the form and in the amounts" as required by R.C. Chapter 4509. Plaintiff concedes that this was the case under the policy of Steve Salyer, the owner of the motorcycle, under which the settlement was made. Thus, by operation of R.C. 4507.07(B), there can be no imputed liability to defendant William Woolwine since there was proof of financial responsibility in the form and in the amounts set forth in R.C. Chapter 4509 under the Salyer policy, so that there can be no imputed liability to the person who signed the application of the minor for a probationary license. Although this provision was in effect at the time of the accident, it had been effective for only six months by virtue of the October 29, 1979 amendment of R.C. 4507.07(B), the former version of the statute requiring that proof of financial responsibility be deposited (with the registrar). We find no reason not to apply the amended version of the statute since it relates only to the procedure of proving financial responsibility and the accident did not occur until after the statute was in effect.

Plaintiff contends that there must be a policy issued to the minor, or the signator of his application, for the second paragraph of R.C. 4507.07(B) to apply. We disagree. The requirement is that proof of financial responsibility be "with respect to the minor's operation of any motor vehicle," not owned by him, not that he have a policy of insurance. A policy issued to the owner of the vehicle covering the minor's operation of the vehicle meets the requirements of the section. Since that was the case in this situation, the trial court did not err in entering summary judgment for defendant William Woolwine. There being no prejudicial error, neither assignment of error is well-taken.

For the foregoing reasons, both assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

McCORMAC and MOYER, JJ., concur.