EVANS, Appellant,

v.

GRAHAM et al., Appellees.

[Cite as *Evans v. Graham* (1991), 71 Ohio App.3d 417.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–802.

Decided March 21, 1991.

*Schottenstein, Zox & Dunn, Harvey Dunn* and *Bridgette C. Roman,* for appellant.

*Theodore R. Saker, Jr.,* for appellees Geoffrey Elliot Graham, Douglas Graham and Jane C. Graham.

*Isaac, Brandt, Ledman & Becker* and *J. Stephen Teetor,* for appellees Jeffrey Rucker, Michael Rucker and Pamela Rucker.

---

BOWMAN, Presiding Judge.

On September 9, 1989, appellees, Geoffrey Graham ("Graham") and Jeffrey Rucker ("Rucker"), both age seventeen, were visiting the daughter of appellant, T. William Evans, at his residence, while appellant and his wife were out of town. The young men found the keys to appellant's 1989 Jaguar XJ6, which was parked in the garage. Without permission, Graham drove the vehicle with Rucker as a passenger. In the early morning hours, the Upper Arlington police stopped the vehicle driven by Graham and noticed substantial damage to the Jaguar.

Appellant had leased the vehicle from ICL Leasing, Inc. ("ICL") for a term of thirty-six months, at which time appellant was to return the vehicle to ICL. Appellant claims to have compensated ICL $14,015 for damages to the vehicle upon returning it in exchange for a replacement vehicle.

On January 19, 1990, appellant filed a complaint against Graham and Rucker and their respective parents. Appellant sought damages against Graham, individually, based on negligence, intentional tort and injury to personal property. Appellant filed three causes of action against Mr. and Mrs. Graham ("the Grahams") based upon R.C. 3109.09 (liability of parent for acts of minor), R.C. 4507.07 (liability of signator of minor's driver's license) and negligent supervision of a minor.

Appellant brought suit against Rucker based on intentional tort and injury to personal property, and against Mr. and Mrs. Rucker ("the Ruckers") based on R.C. 3109.09 and failure to exercise control over their minor child.

Appellant did not join ICL in his complaint or offer an explanation for not joining ICL as a plaintiff in the lawsuit.

In his answer, Graham asserted as his eighth affirmative defense appellant's failure to join ICL as a necessary and indispensable party to the action. On the same date, Mr. and Mrs. Graham filed a motion to dismiss or, in the alternative, a motion for summary judgment on grounds that the facts do not support a claim under R.C. 3109.09, 4507.07 or for negligence. The trial court subsequently sustained the motion to dismiss against Mr. and Mrs. Graham without stating a reason or the basis for its decision.

Rucker filed an answer, although he did not raise joinder as a defense. Rucker and Mr. and Mrs. Rucker filed motions to dismiss or, in the alterna-

tive, a motion for summary judgment on the grounds that appellant has failed to state a claim on which relief may be granted and that there is no genuine issue of material fact based on the same arguments espoused by the Grahams. However, the Ruckers did not raise the defense of nonjoinder. The trial court denied the motion for summary judgment without giving any reason.

The trial court referred the parties to arbitration. The arbitration panel found that appellant failed to join ICL as a necessary party and the real party in interest.

Graham, Rucker, and Mr. and Mrs. Rucker then filed motions to dismiss based on failure to join a necessary party under Civ.R. 19. Appellant filed a motion to strike Graham's eighth affirmative defense of joinder or, in the alternative, for leave to amend the complaint to add ICL as a plaintiff. Attached to his motion, appellant submitted an assignment from ICL to him, assigning all its right to any money due or owing to ICL and all claims or causes of action which ICL had or may have against appellee in consideration for the sum of $14,015. Also attached to the motion was an affidavit signed by Douglas T. Trotter, President of ICL, averring that he executed the assignment in favor of appellant.

The trial court issued an entry sustaining the motion to dismiss for failure to include a necessary party and dismissed the case other than on the merits and without prejudice. However, the court failed to address the assignment agreement and affidavit and what effect it would have on the joinder issue.

Appellant appeals asserting the following assignments of error:

"I. It was prejudicial error for the trial court to dismiss all of T. William Evans' causes of action for failure to include a necessary party pursuant to Civ.R. 19 or Civ.R. 19.1 where the purported necessary party has executed a complete assignment of any claims it may have had against the Defendants.

"A. It was prejudicial error for the trial court to dismiss all of T. William Evans' causes of action for failure to include a necessary party in light of R.C. 4505.04(2).

"B. It was prejudicial error for the trial court to allow Jeffrey Rucker, and Michael and Pamela Rucker to raise the defense of failure to join a necessary party pursuant to Civ.R. 19 or Civ.R. 19.1 after Jeffrey Rucker, and Michael and Pamela Rucker failed to raise the defense in their responsive pleadings.

"II. It was prejudicial error for the trial court to dismiss Douglas and Jane Graham.

"A. It was prejudicial error for the trial court to conclude that T. William Evans did not state a claim upon which relief may be granted against Douglas and Jane Graham pursuant to R.C. 3109.09.

"B. It was prejudicial error for the trial court to conclude that T. William Evans did not state a claim upon which relief may be granted against Douglas and Jane Graham pursuant to R.C. 4507.07.

"C. It was prejudicial error for the trial court to conclude that T. William Evans did not state a claim upon which relief may be granted against Douglas and Jane Graham based on negligent supervision of their minor child."

Civ.R. 19(A) provides for the joinder of persons needed for just adjudication and states in pertinent part as follows:

"(A) Persons to be joined if feasible. A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (a) as a practical matter impair or impede his ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest, or (3) he has an interest relating to the subject of the action as an assignor, assignee, subrogor, or subrogee. If he has not been so joined, the court shall order that he be made a party upon timely assertion of the defense of failure to join a party as provided in Rule 12(B)(7). If the defense is not timely asserted, waiver is applicable as provided in Rule 12(G) and (H). If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. In the event that such joinder causes the relief sought to exceed the jurisdiction of the court, the court shall certify the proceedings in the action to the court of common pleas."

If the plaintiff does not join a party falling within one of the above three categories, Civ.R. 19(C) requires him to state the name of the party, if known, and the reasons for nonjoinder in his pleading asserting a claim for relief.

Here, appellant filed his complaint in the court of common pleas without joining ICL, the owner of the damaged vehicle, or complying with R.C. 4505.04. Nor did appellant state the name of the leasing company or the reasons for not joining it in the complaint. At the earliest opportunity, in his answer, Graham, the driver, raised nonjoinder as his eighth affirmative defense. Given the fact that Graham was the driver of the vehicle and Rucker was the passenger and the possible corresponding related liability, the issue of joinder was put before the court. Thus, it is not crucial, given the facts and circumstances of this case and our disposition of the assignment of error, that appellees, Rucker, Mr. and Mrs. Rucker may not have timely raised the defense of nonjoinder.

When Graham filed his motion to dismiss, pursuant to Civ.R. 12(B)(7), for failure to join a party needed for just adjudication, the action should not have been summarily dismissed. Instead, the court should have initially determined if ICL should be joined as a party in accordance with the criteria set forth in Civ.R. 19(A) and/or if it was an indispensable party. If the trial court decided in the affirmative, then the court should have ordered it brought into the action or granted leave for appellant to amend his complaint to add ICL as a plaintiff. In response to Graham's motion to dismiss, appellant tried to cure the problem by filing a motion for leave to amend his complaint or to strike Graham's eighth affirmative defense of nonjoinder. Attached to the motion was an affidavit signed by ICL's president setting forth the terms and circumstances, the assignment of all rights and liabilities from ICL to appellant, which if valid, may not render ICL a necessary party. However, the record does not show that this motion was ever ruled on or the effect of the assignment considered. Instead, the court of common pleas summarily dismissed the action. Therefore, as the original complaint stood, a necessary party was not joined nor were reasons given for the nonjoinder.

■ Dismissal for failure to join a necessary party is warranted only when the defect cannot be cured. See *State ex rel. Bush v. Spurlock* (1989), 42 Ohio St.3d 77, 537 N.E.2d 641. The court in *Bush,* at 81, 537 N.E.2d at 645, recognized the fact that " * * * Ohio courts have eschewed the harsh result of dismissing an action because an indispensable party was not joined, electing instead to order that the party be joined pursuant to Civ.R. 19(A) (joinder if feasible) * * *."

Accordingly, appellant's first assignment of error is sustained since the court of common pleas erred when it dismissed the claim under Civ.R. 12(B)(7) and failed to order joinder pursuant to Civ.R. 19 if appropriate.

■ In his second assignment of error, appellant alleges the court erred when it granted Mr. and Mrs. Grahams' motion to dismiss pursuant to Civ.R. 12(B)(6). Mr. and Mrs. Graham set forth three grounds in their motion to dismiss for failure to state a claim for which relief could be granted. On March 19, 1990, the trial court issued a decision sustaining appellees' motion to dismiss; however, the court did not specify on which basis it relied in granting the motion.

In ruling on a motion to dismiss under Civ.R. 12(B)(6), the court is bound to assume as true the factual allegations of the complaint. *Royce v. Smith* (1981), 68 Ohio St.2d 106, 22 O.O.3d 332, 429 N.E.2d 134. Therefore, we may affirm the trial court's dismissal of Mr. and Mrs. Graham only if no set of facts existed which would entitle appellant to relief under the allegations in

his complaint. *O'Brien v. University Community Tenants Union* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus.

Appellant first argues that the trial court erred in dismissing his claim based on R.C. 3109.09. R.C. 3109.09 provides in pertinent part:

"Any owner of property may maintain a civil action to recover compensatory damages not exceeding three thousand dollars and costs of suit from the parents who have the custody and control of a minor who willfully damages property belonging to the owner or who commits acts cognizable as a 'theft offense,' as defined in section 2913.01 of the Revised Code, involving the property of the owner. * * * "

The court in *Nationwide Ins. Co. v. Love* (1984), 22 Ohio App.3d 9, 22 OBR 43, 488 N.E.2d 226, applied the amended language of R.C. 3109.09, which broadened the scope of parental liability to include right to recover from the parents of a minor who commits a theft offense as defined in R.C. 2913.01. R.C. 2913.01(K)(1) indicates a theft offense includes the violation of R.C. 2913.03. The court in *Nationwide* recognized that R.C. 2913.03 codified Ohio law regarding the unauthorized use of a motor vehicle.

Therefore, if Graham is in violation of R.C. 2913.03, unauthorized use of a motor vehicle, as alleged in the complaint, this action is included in the definition of "theft offense," and Mr. and Mrs. Graham may be liable pursuant to R.C. 3109.09. See *Schirmer v. Losacker* (1980), 70 Ohio App.2d 138, 24 O.O.3d 171, 434 N.E.2d 1388. Therefore, appellees' argument that R.C. 3109.09 must be strictly construed and its application limited to minors' intentional acts is in error.

Mr. and Mrs. Graham rely on cases decided prior to the May 1978 amendment to R.C. 3109.09 when parental liability did not exist absent a showing that the minor intentionally damaged property. See *Peterson v. Slone* (1978), 56 Ohio St.2d 255, 10 O.O.3d 396, 383 N.E.2d 886.

Therefore, the allegations in appellant's complaint do state a claim for relief under R.C. 3109.09 and the trial court should not have dismissed on this ground.

The next theory appellees relied on in their motion to dismiss is based on R.C. 4507.07(B), which states:

"Any negligence, or willful or wanton misconduct, that is committed by a minor under eighteen years of age when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of the minor for a probationary license or restricted license, which person shall be jointly and severally liable with the minor for any damages caused by the negligence or the willful or wanton misconduct. This joint and several

liability is not subject to division (D) of section 2315.19 of the Revised Code with respect to a negligence claim that otherwise is subject to that section.

"There shall be no imputed liability imposed under this division, if a minor under eighteen years of age has proof of financial responsibility with respect to the operation of a motor vehicle owned by the minor or, if the minor is not the owner of a motor vehicle, with respect to the minor's operation of any motor vehicle, in the form and in the amounts as required under Chapter 4509. of the Revised Code."

Appellant contends that the complaint does state a claim for which relief can be granted under R.C. 4507.07. Mr. and Mrs. Graham rely on this court's decision in *Relf v. Woolwine* (1983), 13 Ohio App.3d 353, 355, 13 OBR 434, 436, 469 N.E.2d 896, 899, wherein we held that, for the purpose of satisfying the second paragraph of R.C. 4507.07(B), " * * * [a] policy issued to the owner of the vehicle covering the minor's operation of the vehicle meets the requirements of the section. * * * " Therefore, if Mr. and/or Mrs. Graham did sign the application for their son's driver's license, under the statute, liability will be imputed to them where there is no proof of financial responsibility.

Appellant attached an affidavit stating his insurance did not cover the damages to the vehicle. Mr. and Mrs. Graham argue that appellant's insurance company did provide coverage for the minor's operation of the vehicle thereby satisfying R.C. 4507.07(B), by attaching to their motion to dismiss a letter from appellant's insurance company stating that, if it made payment under appellant's policy, it would be looking to the Grahams for reimbursement. However, this letter was neither authenticated nor properly identified, nor does the letter prove the financial responsibility of appellant. In contrast, the insurance company in *Relf* provided coverage and paid the policy limits thereby absolving the parents of liability. Therefore, if Mr. and Mrs. Graham did sign Graham's application for a license and did not provide proof of financial responsibility of Graham, appellant does state a claim for relief under R.C. 4507.07(B). Therefore, the trial court should not have dismissed the Grahams on the basis of R.C. 4507.07(B).

Appellant finally argues that it was error for the trial court to dismiss Mr. and Mrs. Graham on the basis that he did not state a claim upon which relief may be granted based on negligent supervision of their minor child. Appellant's complaint alleges that Mr. and Mrs. Graham owed a duty to supervise their minor child, but they breached that duty by failing to exercise reasonable control or supervision over Graham and by permitting him to remain out after the curfew established by the ordinance of the city of Upper Arlington. As a

direct and proximate result, appellant alleges Graham engaged in such conduct which resulted in damage to appellant's vehicle.

 Mr. and Mrs. Graham argue that the claim of "negligent supervision" is not recognizable in this case; however, the Ohio Supreme Court, in *Huston v. Konieczny* (1990), 52 Ohio St.3d 214, 556 N.E.2d 505, noted that courts have held parents liable for acts of the children when the injury is a foreseeable consequence of the parents' negligent act. The court further stated that a parent may also be held responsible when the parent should know that injury is a probable consequence. Construing the evidence most favorably to appellant, if the facts as pleaded are true, wrongdoing of a minor could be a foreseeable consequence of violation of the curfew of the city of Upper Arlington. The police report established that Graham was stopped in the early hours of the morning, long after the curfew. Therefore, it does not appear beyond a reasonable doubt from the complaint that appellant can prove no set of facts entitling him to relief. *O'Brien, supra,* at paragraph one of the syllabus.

Appellant's second assignment of error is sustained.

For the foregoing reasons, we sustain appellant's assignments of error and reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded*
*for further proceedings.*

REILLY and KLINE, JJ., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, sitting and hearing the appeal pursuant to active duty prior to his retirement, and assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution, subsequent to his retirement.

ROGER L. KLINE, J., of the Pickaway County Court of Common Pleas, sitting by assignment.