Appellants Earnest Robinson, Sheila Robinson and Mia Robinson, a minor, claim that Bedford Municipal Court Judge Peter J. Junkin erred in affirming and adopting the decision of Small Claims Court Magistrate Lori Acosta finding them liable to appellees Sandy Shaffer and Holly Shaffer, a minor, in the sum of $2,103.35 for property damage arising out of an auto collision. They contend that because Mia had permission to operate the Shaffer car they cannot be held liable, under R.C. 4507.07 (B), for Mia's negligent operation. For the following reasons, we affirm in part and remand.
On March 30, 1998, Ms. Shaffer, as an individual and on behalf of her daughter, Holly, filed a Small Claims Court Complaint seeking $2,650.26 from the Robinson family. At the hearing before the magistrate, the following testimony was elicited. Holly formed a friendship with Mia during Summer School in 1997. On July 22, 1997, Holly drove her mother's 1991 Chevrolet Corsica and picked up Mia at her Solon, Ohio home. At some point Holly asked Mia if she would like to drive, and Mia became the driver with Holly the passenger. Between 6:00 and 7:00 p.m., while westbound on Harvard Avenue approaching Lee Road, Mia was apparently distracted by some boys attempting to get her attention and struck the rear of a stopped 1994 Bronco. There was no personal injury to anyone involved, no damage to the Bronco, but visible front-end damage to the Corsica. No police report was made.
Holly did not tell her mother of the collision for several weeks, purportedly to keep Mia and herself out of trouble. Upon learning of the accident, Mrs. Shaffer contacted Mrs. Robinson, and Mrs. Robinson denied Mia was the driver and declined a request to pay for the property damage. On October 14, 1997, Mrs. Shaffer obtained a repair estimate for the Corsica in the sum of $1,650.26 with a notation that the car might have possible brake and condensor problems. In March of 1998, when the Corsica had an odometer reading of 79,513 miles, Mrs. Shaffer paid $453.09 for replacing its front brake pads, rear brake shoes and drums, rear spring, oil filter, rear view mirror and parking lamp.
Mutajah Shussbig, the driver of the Bronco, testified that she was acquainted with Mia and following the accident she noted Mia behind the wheel of the Corsica.
Mrs. Robinson, the only defendant to appear at the hearing, disputed that her daughter had been driving the Shaffer car by producing a statement from a physician verifying Mia's presence in his office on July 22, 1997, and, further, that the first time Holly had come to the Robinson home was late July 1997. She further speculated that, because of the passage of time from the alleged date of the accident until she was notified of it by Mrs. Shaffer, some other incident may have caused damage or additional damage to the car. She later admitted Mia's responsibility but argued that Holly was equally responsible for letting Mia drive when Mrs. Robinson would not have permitted Mia to drive anyone else's car. In her final statement, Mrs. Robinson claimed Mia suffers from Attention Deficit Disorder and that was the reason Mia could not drive any family car; a fact Holly would not have known.
The magistrate found, pursuant to R.C. 4507.07 (B), regardless of whether Mia had her mother's permission to operate the Shaffer car, when a parent endorses a child's operator's license application, he agrees to be responsible for any damages caused by that child's negligence in the operation of any motor vehicle. She found against all defendants, and awarded damages to the Shaffers consisting of the March 1998 repair costs and the October 1997 front-end damage estimate.[1] The Robinsons filed objections to the magistrate's decision and on May 18, 1998, the judge approved and adopted that decision.
The Robinsons' sole assignment of error states:
 WHETHER THE TRIAL COURT ERRED IN AFFIRMING THE MAGISTRATE'S DECISION IN FINDING WHERE PARENTS OF A MINOR CHILD WHO SIGNS FOR THE CHILD TO OBTAIN A (SIC) OHIO DRIVER'S LICENSE, PURSUANT TO R.C. 4507.07 (B), ARE LIABLE
 AS A MATTER OF LAW, WHERE THE CHILD'S NEGLIGENT OPERATION OF A MOTOR VEHICLE CAUSES DAMAGE, WHEN THE CHILD HAD PERMISSION OF THE OWNER OR PERSON AUTHORIZED TO GIVE PERMISSION TO DRIVE THE VEHICLE.
While the Robinsons agree that Mia is responsible for the damage to the Shaffer car, they contend that under Ohio law and the facts of this case, as parents they are not liable for her negligence. They agree that, pursuant to R.C. 4507.07 (B), parents who sign for a minor child to obtain a driver's license may be held liable for the child's negligent driving, but argue against strict liability for the parents.
R.C. 4507.07 (B) provides:
 (B) Any negligence, or willful or wanton misconduct, that is committed by a minor under eighteen years of age when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of the minor for a probationary license, restricted license, or temporary instruction permit, which person shall be jointly and severally liable with the minor for any damages caused by the negligence or the willful or wanton misconduct. This joint and several liability is not subject to division (D) of section 2315.19, division (F) of section 2315.20, or division (B) of section 2307.31 of the Revised Code with respect to a negligence or other tort claim that otherwise is subject to any of those sections.
 There shall be no imputed liability imposed under this division if a minor under eighteen years of age has proof of financial responsibility with respect to the operation of a motor vehicle owned by the minor or, if the minor is not the owner of a motor vehicle, with respect to the minor's operation of any motor vehicle, in the form and in the amounts required under Chapter 4509. of the Revised Code.
The Robinsons contend that parental liability arises only if the following apply: (1) they were aware that Mia would be driving the Shaffer car; (2) if it was foreseeable that Mia would be driving the Shaffer car in a negligent manner and cause an accident; (3) if Mia willfully damaged the Shaffer car; or (4) if they negligently supervised Mia. In support, they rely upon Evansv. Graham (1991), 71 Ohio App.3d 417, 594 N.E.2d 71; Huston v.Konieczny (1990), 52 Ohio St.3d 214, 556 N.E.2d 505; AmericanEconomy Ins. Co. v. Knowles (1996), 113 Ohio App.3d 71,680 N.E.2d 237; and Doe v. Kahrs (1995), 75 Ohio Misc.2d 7,662 N.E.2d 101. Their reliance is misplaced.
In Huston, supra, the parents gave permission to their children to host a 1983 New Year's Eve party for friends, mostly under the age of 19 years, at the family home. The parents, who were to be out-of-town and were aware that the children would "probably have some beer", instructed the children to have their guests spend the night at the home. Beer was brought to the party by the guests. After several hours, Huston left the party as a passenger in the back seat of his car. Encountering icy road conditions, the car veered off the road, struck a tree, came back on the road and was sometime thereafter struck by another car. Huston sustained serious injuries and brought suit against the parents, children, guests who brought the beer, and the drivers of his car. The parents' motion for summary judgment was granted by the trial judge, reversed by the Ottawa County Appellate Court, and came before the Ohio Supreme Court on a motion to certify.
In Huston, the Ohio Supreme Court affirmed reversal of summary judgment and recognized three situations where a parent might incur liability through the actions of a minor child: (1) when they negligently entrust their child with an instrumentality which becomes a source of danger; (2) when they know of the child's wrong doing and consent to it, direct it, or sanction it; and (3) when they fail to exercise reasonable control over the child when the parent knows, or should have known that injury to another is a probable consequence. Huston, supra.
In the case at bar, there is no dispute that the parents' liability for a child's negligent operation of a motor vehicle is governed by R.C. 4507.07 (B) rather than the noted instances inHuston.
In Evans, supra, another summary judgment appeal, two minor boys found the keys to the new 1989 Jaguar XJG while visiting the Evans' family home, and, without any permission, drove it and caused $14,000 damage. Evans sued the boys and their parents based upon the provisions of R.C. 4507.07 (B) and R.C. 3109.09. The Evans Jaguar was insured, but provided no financial responsibility coverage for non-permissive drivers and neither would any automobile policy issued to the boys' parents.
In the instant case, Holly testified the Corsica was insured but no one produced evidence or elicited testimony that Mia was provided with financial responsibility thereunder. Mrs. Robinson, who was not under oath, mentioned that her family cars were covered by an Allstate policy. Had the Robinsons produced evidence that such a policy, in effect in 1997, provided Mia with financial responsibility while operating a non-owned car with permission of the owner, there would have been no basis for any claim against them by Mrs. Shaffer. Relf v. Woolwine (1983),13 Ohio App.3d 353, 469 N.E.2d 896. Evans provides no support for the Robinsons' position.
American Ecomony, supra, another appeal from the granting of summary judgment, involves parental liability for children who started a fire and has no applicability to the instant case. Doe,supra, examined parental liability for the sexual abuse of a neighbor's child by their two sons. The allegations included negligent storage of pornographic videotapes and negligent supervision. This case offers no guidance.
The Robinsons agree they meet the initial parameters of4507.07 (B) in that they signed for Mia to obtain an Ohio driver's license, and she negligently operated a vehicle she did not own when she rear ended the 1994 Bronco. A signatory parent can avoid the imputed liability resulting from his minor child's negligence only if the minor has proof of financial responsibility with respect to a motor vehicle owned by the minor or, if not the owner (parent's or the Shaffer vehicle) with respect to financial responsibility and with respect to the minor's operation of any motor vehicle. It has been determined that "[a] policy issued to the owner of the vehicle covering the minor's operation of the vehicle meets the requirements of the section." Relf v. Woolwine, supra. The declarations page or policy of insurance covering the Corsica is not in the record and because the Robinsons fail to address this exception, we presume that the aforementioned policy did not cover Mia's use of said vehicle.
Accordingly, this assignment of error is not well taken.
However, the journal entry incorrectly awards property damage claimed by the car owner, Mr. Shaffer, the real party in interest, to both plaintiffs. Civ.R. 17. We, therefore, affirm in part, and remand this cause to the Bedford Heights Municipal Court for a correction of the journal entry in accordance with this opinion.
Judgment affirmed in part and remanded.
It is ordered that the parties shall bear their own costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Bedford Heights Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, J. CONCUR; JAMES M. PORTER, A.J., CONCURRINGIN PART.
 _____________________________________ ANNE L. KILBANE JUDGE
[1] Whether the March 1998 repair costs should have been awarded to Shaffer without an expert opinion proximately relating them to the July 1997 collision, was neither referred to in Robinson's objections to the magistrate's report, nor claimed as an assignment of error in this appeal. Because of the constraints placed upon this court by the holdings in Golfuss v. Davidson
(1997), 79 Ohio St.3d 115, 679 N.E.2d 1099, we cannot address the issue under the plain error doctrine.