WHITE et al., Appellees,

v.

WESTFALL, Appellee;  Westfall, Appellant.

[Cite as *White v. Westfall,* 183 Ohio App.3d 807, 2009-Ohio-4490.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 09AP–175.

Decided Sept. 1, 2009.

Zeehandelar, Sabatino & Associates, L.L.C., Steven J. Zeehandelar, and Andrew T. White, for appellees.

Stephen P. Ames, for appellant.

FRENCH, Presiding Judge.

{¶ 1} Defendant-appellant, Mark G. Westfall, appeals the Franklin County Court of Common Pleas' entry of summary judgment in favor of plaintiffs-appellees, Paul R. White Jr. and State Farm Mutual Automobile Insurance Company ("State Farm") (collectively, "appellees"), on their claims against appellant pursuant to R.C. 3109.09 and 4507.07. For the following reasons, we affirm.

{¶ 2} Appellees filed this action against appellant and his son, Stephen C. Westfall ("Stephen"), on February 6, 2008. Appellees allege that on or about October 23, 2006, Stephen, then a 17–year–old minor, entered and engaged in the unauthorized use of White's motor vehicle. Appellees further allege that Stephen negligently operated White's vehicle, causing damage to the vehicle in the amount of $17,965.69. State Farm insured White's vehicle and paid $17,865.69, pursuant to its policy, representing the damage minus a $100 deductible. State Farm

alleges that it is subrogated in that amount, less its net salvage recovery of $1,671.97. In counts 2 and 3 of their complaint, appellees allege that appellant is liable for the damage to White's vehicle, pursuant to R.C. 3109.09, as Stephen's parent, and to R.C. 4507.07, because appellant signed an application for Stephen's probationary driver's license.

{¶ 3} Stephen, acting pro se, filed a letter in response to appellees' complaint, admitting liability.[1] Stephen did not deny any fact alleged in the complaint. To the contrary, he stated, "I am willing to pay for whatever has to be [paid] off. * * * I did the [crime] and was tried as an adult. I feel that I should take on full responsibilit[ie]s for my actions." [2] Appellant filed an answer to appellees' complaint, admitting that he is Stephen's parent, but claiming insufficient information to admit or deny the remaining allegations.

{¶ 4} On November 12, 2008, appellees filed a combined motion for judgment on the pleadings against Stephen and for summary judgment against appellant. Appellant also filed a motion for summary judgment on November 12, 2008. Neither appellant nor Stephen filed a memorandum in opposition to appellees' motion for judgment on the pleadings and for summary judgment. Appellees filed a combined memorandum in opposition to appellant's motion for summary judgment and supplement to their own motion on November 20, 2008. The trial court granted appellees' motions for judgment on the pleadings and for summary judgment and denied appellant's motion for summary judgment on January 26, 2009. The court entered final judgment on February 10, 2009.

{¶ 5} Appellant filed a timely notice of appeal, and he asserts the following assignments of error:

**FIRST ASSIGNMENT OF ERROR**

The Trial Court[']s decision granting Appellees['] motion for summary judgment is against the manifest weight of evidence.

**SECOND ASSIGNMENT OF ERROR**

The Trial Court improperly applied Ohio Revised Code 4507.07 to Appellant Mark Westfall given the nature of Stephen Westfall's crimes, and the Ohio General Assembly's intent regarding Ohio Revised Code 4507.07.

---

**1.** Although the complaint names "Stephen C. Westfall" as a defendant, appellant refers to his son in his affidavit as "Stephan." In his letter in response to the complaint, appellant's son also states his name as "Stephan." For consistency with the pleadings and appellate briefs, however, we refer to appellant's son as "Stephen."

**2.** Appellant's brief states that Stephen robbed and carjacked White and was convicted of robbery and attempted failure to comply with an order or signal of a police officer, with aggravating factors, as a result of the incident. The record before the trial court contained no evidence of those facts.

{¶ 6} We review a summary judgment de novo. *Koos v. Cent. Ohio Cellular, Inc.* (1994), 94 Ohio App.3d 579, 588, 641 N.E.2d 265, citing *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153. When an appellate court reviews a trial court's disposition of a summary-judgment motion, it applies the same standard as the trial court and conducts an independent review, without deference to the trial court's determination. *Maust v. Bank One Columbus, N.A.* (1992), 83 Ohio App.3d 103, 107, 614 N.E.2d 765; *Brown* at 711, 622 N.E.2d 1153. We must affirm the trial court's judgment if any grounds the movant raised in the trial court support it. *Coventry Twp. v. Ecker* (1995), 101 Ohio App.3d 38, 41–42, 654 N.E.2d 1327.

{¶ 7} Pursuant to Civ.R. 56(C), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Accordingly, summary judgment is appropriate only under the following circumstances: (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46.

{¶ 8} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292, 662 N.E.2d 264. Once the moving party meets its initial burden, the nonmovant must set forth specific facts demonstrating a genuine issue for trial. Id. at 293, 662 N.E.2d 264. Because summary judgment is a procedural device to terminate litigation, courts should award it cautiously after resolving all doubts in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 358–359, 604 N.E.2d 138, quoting *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 2, 24 O.O.3d 1, 433 N.E.2d 615.

{¶ 9} By his first assignment of error, appellant asks us to perform a manifest-weight analysis of the trial court's entry of summary judgment. This court reviews an entry of summary judgment, not under a manifest-weight standard of review, but pursuant to the Civ.R. 56 standard set forth above. *Hamilton v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 06AP–916, 2007-Ohio-1173, 2007 WL 778602, ¶ 10. A challenge to summary judgment as against the manifest weight of the evidence is a non sequitur because, on summary judgment,

a court may not weigh the evidence. Id., citing *Tesco Real Estate, Inc. v. K–Y Residential, Commercial & Indus. Dev. Corp.* (Feb. 17, 1995), 11th Dist. No. 94–T–5093, 1995 WL 89972. Thus, an appellate court may summarily overrule assignments of error seeking reversal of summary judgment based on the manifest weight of the evidence. *Hamilton* at ¶ 10; *Urbanek v. All State Home Mtge. Co.*, 178 Ohio App.3d 493, 2008-Ohio-4871, 898 N.E.2d 1015, ¶ 38. Accordingly, we overrule appellant's first assignment of error.

{¶ 10} Although not expressly addressed by appellant's second assignment of error, we briefly consider appellant's liability pursuant to R.C. 3109.09(B). We conclude that the trial court did not err in granting summary judgment in favor of appellees pursuant to that statute. R.C. 3109.09(B) provides as follows:

> Any owner of property * * * may maintain a civil action to recover compensatory damages not exceeding ten thousand dollars and court costs from the parent of a minor if the minor willfully damages property belonging to the owner or commits acts cognizable as a "theft offense," as defined in section 2913.01 of the Revised Code, involving the property of the owner. * * *

{¶ 11} In addition to alleging Stephen's unauthorized use of White's vehicle in the complaint, appellees submitted an affidavit from White, stating that Stephen took his vehicle without permission on October 23, 2006. R.C. 2913.01(K)(1) recognizes a violation of R.C. 2913.03, unauthorized use of a vehicle, as a "theft offense." "R.C. 2913.03 prohibits the use or operation of a motor vehicle without, beyond, or after revocation of the owner's consent." *State v. Rose* (1992), 63 Ohio St.3d 585, 589 N.E.2d 1315, syllabus. Thus, if Stephen was in violation of R.C. 2913.03 through his unauthorized use of White's vehicle, then his acts constitute a "theft offense," and appellant may be liable pursuant to R.C. 3109.09. See *Evans v. Graham* (1991), 71 Ohio App.3d 417, 423, 594 N.E.2d 71. Neither appellant nor Stephen denied that Stephen engaged in unauthorized use of White's vehicle and, thus, in acts cognizable as a "theft offense." Appellant further admitted that he was Stephen's parent. Because the undisputed allegations and evidence establish that appellant is Stephen's parent and that Stephen committed acts cognizable as a "theft offense" with respect to White's property, the trial court did not err in entering summary judgment in favor of appellees on their R.C. 3109.09 claim. As the trial court aptly recognized, however, appellant's liability under R.C. 3109.09 is capped at $10,000, plus court costs.

{¶ 12} We now turn our attention to appellees' claims regarding R.C. 4507.07(B), which provides as follows:

> Any negligence, or willful or wanton misconduct, that is committed by a minor under eighteen years of age when driving a motor vehicle upon a highway shall

be imputed to the person who has signed the application of the minor for a probationary license, restricted license, or temporary instruction permit, which person shall be jointly and severally liable with the minor for any damages caused by the negligence or the willful or wanton misconduct. * * *

There shall be no imputed liability imposed under this division if a minor under eighteen years of age has proof of financial responsibility with respect to the operation of a motor vehicle owned by the minor or, if the minor is not the owner of a motor vehicle, with respect to the minor's operation of any motor vehicle, in the form and in the amounts required under Chapter 4509. of the Revised Code.

Thus, if appellant signed an application for Stephen's temporary instruction permit or probationary license, liability for Stephen's negligent, willful, or wanton conduct while driving is imputed to appellant absent proof of Stephen's financial responsibility. See *Evans*, 71 Ohio App.3d at 424, 594 N.E.2d 71.

{¶ 13} Here, the record contains no evidence that Stephen had proof of financial responsibility with respect to his operation of any motor vehicle. Although appellant stated, in his memorandum in support of his motion for summary judgment, that "[t]he Defendant" was insured at the time of the offense, there is no Civ.R. 56(C) evidence of any insurance policy, of whether the policy covered appellant, Stephen or both, or of the policy's coverage limits, as necessary to determine whether the policy would demonstrate financial responsibility under R.C. Chapter 4509. Had appellant produced evidence that an insurance policy, in effect on October 23, 2006, provided Stephen with financial responsibility with respect to his operation of a motor vehicle, there would be no basis for imputing Stephen's liability to appellant. See *Shaffer v. Robinson* (Sept. 16, 1999), 8th Dist. No. 74742, 1999 WL 728366. In the absence of any evidence demonstrating at least a genuine issue of material fact as to whether Stephen had proof of financial responsibility, however, appellees were entitled to summary judgment if they met the initial parameters of R.C. 4507.07(B).

{¶ 14} Appellees alleged in their complaint that appellant, on August 25, 2006, signed Stephen's application to obtain a probationary driver's license. In his answer, appellant stated that he had insufficient information to confirm or deny that allegation. Nevertheless, in his affidavit, appellant stated that he and Stephen "went to the license bureau to obtain a temporary packet," and, in his memorandum in support of his motion for summary judgment, appellant admitted that he signed for his son's temporary instruction permit. Moreover, appellant does not deny that Stephen's conduct in driving White's vehicle without authorization was at least negligent, if not willful or wanton. Thus, based on the plain language of the statute, appellant has failed to demonstrate a genuine issue of fact to avoid summary judgment as to his liability under R.C. 4507.07(B).

{¶ 15} Despite essentially admitting the factual prerequisites to liability under R.C. 4507.07(B), appellant nevertheless argues that that statute should not apply here because "[t]here is no rational nexus * * * between [appellant] signing for his son's Learning Permit and the crime that was committed by [Stephen]." Appellant also argues, as a mitigating factor, that he took all reasonable precautions to ensure that Stephen would not be driving. Appellant submitted an affidavit detailing those precautions, including the imposition of a strict curfew and the installation of bars on Stephen's bedroom windows. Appellant also specifically stated that he did not give Stephen permission to drive or leave the house after dark on the date of the offense. Appellant cites no case law suggesting that either the lack of the nexus appellant describes or the existence of efforts to prevent the minor from driving may defeat liability under R.C. 4507.07(B), nor has our research revealed any case permitting such a defense. The trial court rejected appellant's purported defenses from R.C. 4507.07(B) liability, finding no authority for an exception to 4507.07(B) liability based on a parent's preventative measures.

{¶ 16} The construction of a statute presents a question of law that appellate courts review independently, without deference to the trial court. See *Pacella v. Ohio Dept. of Commerce, Div. of Real Estate,* 10th Dist. No. 02AP–1223, 2003-Ohio-3432, 2003 WL 21496357, ¶ 21, citing *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 339, 343, 587 N.E.2d 835. A court's primary concern when construing a statute is legislative intent. *State v. S.R.* (1992), 63 Ohio St.3d 590, 594, 589 N.E.2d 1319. To determine legislative intent, a court first looks to the statutory language and the purpose to be achieved. Id. at 594–595, 589 N.E.2d 1319. If the statutory language is plain and unambiguous, the court must apply, and not interpret, the statute. *L.J. Minor Corp. v. Breitenbach* (1996), 77 Ohio St.3d 168, 171, 672 N.E.2d 636. When a court construes a statute, it may not delete words that are used or add words that are not used. *Cline v. Ohio Bur. of Motor Vehicles* (1991), 61 Ohio St.3d 93, 97, 573 N.E.2d 77. "Absent ambiguity, statutory language is not to be enlarged or construed in any way other than that which its words demand." *Kneisley v. Lattimer–Stevens Co.* (1988), 40 Ohio St.3d 354, 357, 533 N.E.2d 743, citing *Hough v. Dayton Mfg. Co.* (1902), 66 Ohio St. 427, 64 N.E. 521.

{¶ 17} The statutory language of R.C. 4507.07(B) is unambiguous and conveys a clear and definite meaning. Appellant urges this court to graft onto that unambiguous statutory language a defense to liability in addition to the single defense that the General Assembly itself incorporated into the statute. Regardless of our view of the policy basis for the defense urged by appellant, a statutory change must stem from the General Assembly and not from this court.

Accordingly, like the trial court, we must conclude that R.C. 4507.07(B) imposes strict liability on one who signs a minor's application for a temporary instruction permit or probationary license absent proof of financial responsibility. For this reason, we overrule appellant's second assignment of error. Because it is undisputed that appellant signed for Stephen's temporary instruction permit and that Stephen engaged in conduct that was, at least, negligent, and because the record contains no evidence that Stephen had proof of financial responsibility, the trial court did not err in granting summary judgment in favor of appellees on their R.C. 4507.07(B) claim against appellant.

{¶ 18} Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

Judgment affirmed.

BROWN and KLATT, JJ., concur.