[Cite as *Anderson v. Bueher*, 2016-Ohio-665.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Richard J. Anderson, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 15AP-633 |
| v. | : | (C.P.C. No. 14CV-6909) |
| Steven Buehrer, Administrator | : | (REGULAR CALENDAR) |
| Bureau of Workers' Compensation et al., | | |
| | : | |
| Defendants-Appellees. | | |
| | : | |

D E C I S I O N

Rendered on February 23, 2016

**On brief:** *Arthur C. Graves*, for appellant. **Argued:** *Arthur C. Graves*

**On brief:** *Michael DeWine*, Attorney General, and *Lisa R. Miller*, for appellee Administrator Bureau of Workers' Compensation. **Argued:** *Lisa R. Miller*

**On brief:** *James E. Arnold & Assoc., LPA, Damion M. Clifford*, and *Gerhardt A. Gosnell, II*, for appellee HLS Bonding Company LLC. **Argued:** *Damion M. Clifford*

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} Richard J. Anderson, plaintiff-appellant, appeals from the judgment of the Franklin County Court of Common Pleas in which the court granted summary judgment to HLS Bonding Company LLC ("HLS"), defendant-appellee.

{¶ 2} In October 1994, appellant began working for HLS. In April 1998, appellant injured his shoulders while working for HLS. Appellant received medical treatment and was subsequently awarded workers' compensation in claim No. 98-417757.

{¶ 3}   On August 19, 2010, appellant visited Dr. Randall Wroble complaining of pain in his left shoulder. Dr. Wroble diagnosed appellant with a torn left rotator cuff and acromioclavicular ("AC") arthritis of the left shoulder, related the injuries to appellant's 1998 work-related injury, and ordered a magnetic resonance imaging ("MRI") test.

{¶ 4}   In December 2010, Steven Buehrer, administrator, Ohio Bureau of Workers' Compensation ("BWC"), defendant-appellee, reactivated claim No. 98-417757, and authorized appellant to receive x-rays and an MRI on his left shoulder. Appellant never received an MRI.

{¶ 5}   On February 2, 2012, appellant visited Dr. Wroble complaining that he reinjured his left shoulder on January 23, 2012 in an industrial accident. Dr. Wroble diagnosed appellant again with a torn left rotator cuff and AC arthritis of the left shoulder. Dr. Wroble ordered an MRI of the left shoulder. Dr. Wroble also wrote in his office visit notes that appellant's January 23, 2012 injury resulted in a new workers' compensation claim.

{¶ 6}   On May 1, 2012, appellant underwent an MRI which revealed appellant had a left shoulder superior labral tear from anterior to posterior ("SLAP tear"), a medial dislocation of the biceps long head, a subscapularis tendon tear, and AC arthritis. In June 2012, appellant submitted a claim to BWC seeking allowance of the three conditions ("three new conditions") discovered in the MRI as new conditions in claim No. 98-417757.

{¶ 7}   The BWC ordered Dr. Stephen Duritsch to evaluate appellant regarding the allowance of the three new conditions in claim No. 98-417757. Dr. Duritsch recommended that BWC deny appellant's request to allow the three new conditions in claim No. 98-417757 and recommended that the three new conditions be pursued in a separate claim. BWC denied appellant's request. Appellant appealed and also requested that Dr. Wroble clarify his February 2012 office visit notes.

{¶ 8}   On November 6, 2012, Dr. Wroble issued a letter in which he clarified his February 2012 office visit notes and stated that the three new conditions all resulted from the original 1998 workplace injury. In December 2012, Dr. Duritsch revised his opinion and opined that the new conditions were related by flow-through causation to the 1998 workplace injury.

{¶ 9}  In January 2013, BWC approved the three new conditions as new conditions in claim No. 98-417757, approved medical treatment, and awarded compensation. In August 2013, BWC granted appellant a permanent partial disability ("PPD") award in claim No. 98-417757.

{¶ 10} On November 14, 2013, appellant submitted a new claim (claim No. 12-872033) to BWC for substantial aggravation of the three new conditions. In support of his claim, appellant submitted Dr. Wroble's February 2012 office visit notes, the November 6, 2012 letter from Dr. Wroble, and the May 2012 MRI. In the November 6, 2012 letter, Dr. Wroble stated that a recent workplace injury on January 23, 2012 substantially aggravated the pre-existing conditions (i.e., the three new conditions), but the conditions were originally caused by the earlier claim in claim No. 98-417757.

{¶ 11} On November 18, 2013, appellant underwent surgery to repair the three new conditions. Appellant received temporary total disability ("TTD") compensation from November 18, 2013 through May 26, 2014, and received another award of PPD that included the three new conditions.

{¶ 12} BWC denied appellant's claims in claim No. 12-872033. BWC found that appellant's evidence to support the current claim was the same evidence he submitted to substantiate the claim for the three new conditions in claim No. 98-417757, and appellant had already been fully compensated for his claims in claim No. 98-417757. A district hearing officer and staff hearing officer subsequently denied the claim, as well. The Industrial Commission of Ohio ("commission") then affirmed the order of the staff hearing officer in May 2014.

{¶ 13} On July 3, 2014, appellant filed an action in the Franklin County Court of Common Pleas seeking to participate in workers' compensation with regard to claim No. 12-872033.  HLS filed a motion for summary judgment which the trial court granted in a May 28, 2015 journal entry. The trial court entered final judgment on June 5, 2015. Appellant appeals the judgment of the trial court, asserting the following assignment of error:

> The trial court erred in sustaining the Motion for Summary
> Judgment filed on behalf of the Defendants.

{¶ 14} In his sole assignment of error, appellant argues that the trial court erred when it granted summary judgment. Summary judgment is appropriate when the moving party demonstrates that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the non-moving party, and that conclusion is adverse to the non-moving party. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua–Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29. Appellate review of a trial court's ruling on a motion for summary judgment is de novo. *Hudson* at ¶ 29. This means that an appellate court conducts an independent review, without deference to the trial court's determination. *Zurz v. 770 W. Broad AGA, L.L.C.*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 15} When seeking summary judgment on the ground that the non-moving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the non-moving party's claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party does not discharge this initial burden under Civ.R. 56 by simply making a conclusory allegation that the non-moving party has no evidence to prove its case. *Id.* Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that the non-moving party has no evidence to support its claims. *Id.* If the moving party meets its burden, then the non-moving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); *Dresher* at 293. If the non-moving party does not so respond, summary judgment, if appropriate, shall be entered against the non-moving party. *Id.*

{¶ 16} After reviewing the record and evidence submitted by appellant in support of his claim, we agree with the trial court. The evidence appellant submitted is simply insufficient to demonstrate substantial aggravation of the pre-existing three new conditions. R.C. 4123.01(C)(4) provides that the definition of "injury" includes a pre-existing condition if that pre-existing condition is "substantially aggravated by the injury."

However:

> Such a substantial aggravation must be documented by objective diagnostic findings, objective clinical findings, or objective test results. Subjective complaints may be evidence of such a substantial aggravation. However, subjective complaints without objective diagnostic findings, objective clinical findings, or objective test results are insufficient to substantiate a substantial aggravation.

{¶ 17} Appellant relied on three pieces of evidence to support his application for substantial aggravation of the three new conditions: (1) Dr. Wroble's February 2, 2012 office visit notes, (2) Dr. Wroble's November 6, 2012 letter, and (3) the May 2012 MRI. With regard to Dr. Wroble's February 2, 2012 office visit notes, appellant asserts that the notes document the worsening condition of his shoulder since his new injury. In pertinent part, the office notes provide:

> HISTORY: Rick reinjured his shoulder. This is a new Workers' Comp claim. He was lifting a prisoner on January 23. He had severe pain in his shoulder. He has been able to work but continues to have severe pain. He has had no treatment as of yet. He has a well known many-year history of recurrent injuries and treatment * * *.
>
> * * *
>
> PHYSICAL EXAMINATION: He is a healthy appearing male. He is in obvious discomfort. He is alert and oriented x3. There are no deformities noted. He has no skin lesions or rashes. Peripheral pulses, deep tendon reflexes and light touch sensation are normal.
>
> There is anterior tenderness. There is a full range of motion. Impingement tests are positive. Decrease in strength, grade 4+ forward flexion, 4+ external rotation. No instability is noted.
>
> RADIOGRAPHS:  AP, axillary and outlet views were taken today and show narrowing and spurring of the AC joint and some spurring of the acromion, grade type II.

Appellant also notes that a change in medication from non-steroidal Naproxyn in August 2010 to Celebrex and Ultracet for pain relief was noted in the February 2, 2012 office notes.

{¶ 18} With regard to Dr. Wroble's November 6, 2012 letter, appellant contends that Dr. Wroble stated in the letter that the three new conditions were substantially aggravated by the January 23, 2012 industrial accident. In the letter, Dr. Wroble stated, in pertinent part:

> The additional conditions that were requested on the 6-14-12 C-9 form from this office (i.e., left shoulder S.L.A.P. tear, medial dislocation of the biceps long head, and subscapularis tendon tear) all resulted from the 4-27-98 industrial accident. A more recent industrial accident occurred on 1-23-12 which substantially aggravated those same pre-existing conditions. However, they were originally caused by the earlier claim.

(Emphasis sic.)   In the trial court, appellant also submitted an April 29, 2015 affidavit from Dr. Wroble in which Dr. Wroble merely reiterated what he stated in the November 6, 2012 letter; that is, that the three new conditions were substantially aggravated by the January 23, 2012 industrial injury.

{¶ 19} With regard to the May 1, 2012 MRI, appellant argues that Dr. Wroble was able to compare the May 2012 MRI to the July 19, 2002 MRI to demonstrate substantial aggravation of the three new conditions.

{¶ 20} In addition to this evidence, appellant also cites in his appellate brief the following excerpt from Dr. Wroble's November 18, 2013 operative notes:

> This 57-year-old has had a long history of shoulder problems. We had it treated him for tendinitis for many years and he had responded. However, he reaggravated this work injury on January 23, 2012, and since then has had considerable difficulty with _____. We have tried all means of nonoperative treatment but he continues to feel worse. We elected to proceed with operative intervention.

(Sic passim.)

{¶ 21} Appellant further asserts that courts have found substantial aggravation in cases in which the evidence demonstrated the worsening of symptoms accompanied by objective documentation such as testing, clinical observation, or diagnosis; a clinical diagnosis of decreased cervical range of motion; arthritic changes made worse by traumas and documented by arthroscopy; and range of motion tests.

{¶ 22} However, the evidence appellant relies on to support substantial aggravation of his three new conditions in the present claim is the same evidence he relied on to support the three new conditions in his prior claim. In the prior claim, appellant sought treatment and compensation related to the three new conditions, and BWC allowed and compensated appellant for the three new conditions. Appellant submitted no new evidence with his current claim to distinguish the claims that were allowed and compensated based on the three new conditions and the substantial aggravation claims he raises in the present claim. Without such evidence to differentiate the claims, his current claim for substantial aggravation must fail.

{¶ 23} Furthermore, none of the evidence appellant relies on sufficiently demonstrates appellant suffered a substantial aggravation of the three new conditions. With regard to Dr. Wroble's February 2, 2012 office visit notes, although Dr. Wroble found there was anterior tenderness and positive impingement tests, these findings were the same as cited in his August 19, 2010 notes. Also, a change in medication from Naproxyn in August 2010 to Celebrex and Ultracet in the February 2, 2012 office notes, without further explanation, does not prove substantial aggravation. Dr. Wroble's November 6, 2012 letter and April 29, 2015 affidavit only indicate Dr. Wroble's completely unsupported assertion of substantial aggravation without citation to any diagnostic or physical findings. In addition, although appellant contends that Dr. Wroble was able to compare the May 2012 MRI to the July 19, 2002 MRI to demonstrate substantial aggravation of the three new conditions, there is nothing in the record to support that Dr. Wroble ever did so and expressed his findings. As for Dr. Wroble's November 18, 2013 operative notes, none of Dr. Wroble's statements, as cited above, constitute "objective diagnostic findings, objective clinical findings, or objective test results," as required by R.C. 4123.01(C)(4).

{¶ 24} Finally, the case law appellant relies on finding substantial aggravation in certain circumstances is inapplicable here. Contrary to the cases appellant cites, there is no evidence here that appellant had a clinical diagnosis of decreased range of motion or arthritic changes made worse by traumas and documented by arthroscopy. Dr. Wroble consistently reported that appellant had full range of motion and there is no evidence to

suggest any change in the arthritis in the AC joint in his left shoulder after January 23, 2012.

{¶ 25} For these reasons, BWC, the commission, and the trial court properly rejected appellant's claim based on substantial aggravation of the three new conditions. The trial court did not err when it granted summary judgment. Therefore, we overrule appellant's assignment of error.

{¶ 26} Accordingly, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

TYACK and SADLER, JJ., concur.

_____